232 So.2d 219 (1970)
ECONOMIC RESEARCH ANALYSTS, INC., a Florida Corporation, Appellant,
v.
Frank J. BRENNAN and Equity Funding Corporation of America, a California Corporation, Appellees.
No. 2653.
District Court of Appeal of Florida, Fourth District.
February 25, 1970.
*220 Warren M. Salomon, Coral Gables, and Alan R. Schwartz, of Horton & Schwartz, Miami, for appellant.
James S. Devitt and David B. Dickenson, of Devitt, Friedrich & Scott, Fort Lauderdale, for appellees.
OWEN, Judge.
Appellant was a dealer in securities throughout the State of Florida for whom appellee Brennan had worked as a salesman in Broward County from May 6, 1968, to September 7, 1968, pursuant to the terms and conditions of a written agreement between them in which Brennan was designated "Managing Associate" or MA. When the appellee ceased working for appellant and immediately commenced working in Broward County for another dealer in securities engaged in similar business, *221 appellant filed its complaint in the Circuit Court of Broward County seeking an injunction and other relief against Brennan based upon the following provision of the written agreement:
"14. While this Agreement is in effect, and for a period of six months after the termination of this Agreement, the MA shall not acquire any interest in, or enter into employment with, any dealer, broker or underwriter of securities in the South Florida area."
Brennan filed a motion to dismiss the complaint on the grounds that the agreement was void under the provisions of Section 542.12, F.S. 1967, F.S.A. At the hearing on this motion the court received evidence in the form of testimony and written documents (apparently with the full consent of the parties) directed to the issue of whether the parties qualified as a subsection (2) exception to Section 542.12, F.S. 1967, F.S.A. Based upon the evidence before it, the court found that the parties did not fall within any of the exceptions established by subsections (2) or (3) of Section 542.12, F.S. 1967, F.S.A., whereupon the court dismissed the complaint with prejudice as to the appellee.
It is our view that under the facts of this case appellee was an agent of appellant within the meaning of subsection (2) of Section 542.12, F.S. 1967, F.S.A., thus saving the agreement from the broad invalidating effect of Section 542.12(1), F.S. 1967, F.S.A., and we therefore reverse the order appealed.
Subsection (2) provides that "* * * [O]ne who is employed as an agent or employee may agree with his employer * * *." (Emphasis added.) The use of the word "employed" in this context does not mean that the agent is thereby, ipso facto, in an "employer-employee" relationship, but the word is used and should be construed in a broader sense as referring to one who is hired, or engaged or used as an agent. The term "agent" necessarily contemplates the existence of a "principal" and implies employment or service coupled with delegated authority to manage some affair for or on behalf of the principal and on his account, and to render an accounting of it. Berney v. State, Fla. 1948, 38 So.2d 55. In simple terms, agency may be defined as the relation which results where one person, called the principal, authorizes another, called the agent, to act for him with more or less discretionary power, in business dealings with third persons. 2 C.J.S. Agency § 1.
In the instant case, appellant's business was as a broker and dealer in securities. Admittedly, the written agreement under which appellee was designated as Managing Associate expressly provided that the relationship of employer and employee did not exist between the parties and that the Managing Association would have exclusive control over the supervision of his obligations under the agreement, as well as over the hiring and supervision of his own employees and agents. Nonetheless, the contract also provided that the appellee could not use any sales or promotional material in making representations to the public, for soliciting offers or for making sales, without first receiving the written approval of appellant as to such materials. Appellant was required by law to supervise the conduct of appellee. See Lorenz v. Watson, E.D.Pa. 1966, 258 F. Supp. 724. Furthermore, the appellee was registered with the Florida Securities Commission as a registered agent or salesman for appellant under Chap. 517, F.S. 1967, F.S.A. Under and by virtue of such registration, appellant was responsible for the acts of appellee, Rules of Florida Securities Commission, Rule 330-3.05. The evidence established that while so registered, such agents or salesmen could not sell securities for another dealer without the express permission of the dealer under whose name they had registered. The evidence also established that the sales of securities made by appellee were made through the appellant, which in turn paid commissions to appellee.
*222 These facts established that appellee was the agent of appellant. We hold that an agreement made by such an agent with his principal to refrain from carrying on or engaging in a similar business within a reasonably limited time and area is an agreement coming within the exception expressly provided by subsection (2), Section 542.12, F.S. 1967, F.S.A.
The order is reversed and this cause remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
WALDEN and McCAIN, JJ., concur.