383 So.2d 1175 (1980)
Robert S. SCHWEITZER, Appellant,
v.
Larry SEAMAN, Appellee.
No. 79-300.
District Court of Appeal of Florida, Fourth District.
June 4, 1980.
*1176 Rodger L. Spink, Hollywood, for appellant.
Michael J. Garavaglia of Rosen, Rosen, Garavaglia & Ziff, P.A., Miramar, for appellee.
BERANEK, Judge.
Plaintiff appeals the dismissal with prejudice of his amended complaint seeking recovery from defendant for an alleged violation of a non-competition covenant in an agreement. We affirm.
Plaintiff and defendant, Drs. Seaman and Schweitzer, both podiatrists, entered into an agreement on January 17, 1975. This written agreement memorialized a prior verbal agreement between the doctors regarding their business relationship. The agreement provided in part as follows:
1. Dr. Seaman is an independent (sic) contractor insofar as fiscal matters are concerned and therefor Dr. Seaman is responsible to Dr. Schweitzer insofar as the offices of Dr. Schweitzer, at 2500 East Hall. Beach Blvd., for 50% of the gross amount taken in at said office for all general podiatry work performed by Seaman there and 40% of all podiatry surgery at said location, the premises of Dr. Schweitzer. This money is due on the 2nd or 3rd of the month following its being acrued (sic) or taken in, and is strictly in exchange for use of equipment, materials, services, etc.
2. Dr. Seaman is responsible for paying his own professional liability insurance and for all followups and redressings on surgery performed there. He is solely responsible for surgery he (Dr. Seaman) performs.

*1177 3. All patient charts, all patient records are strictly the property of Dr. Schweitzer and may not be removed from the offices nor any patient contacted should there be a dissolvement of this agreement at any time and for whatever reason.
4. In consideration of the opportunity being afforded Dr. Seaman, Dr. Seaman may not, following any separation from the offices of Dr. Schweitzer, work in, associate with or operate in any manner in any podiatry office or office where podiatry is practiced within five miles (5 miles) for a period of three years following any dissolution of this arrangement as per 1. Should he so do so, then it is agreed by both parties that accumulated damages due Dr. Schweitzer would be in excess of $25,000. To clarify; Dr. Seaman may not, following, any removal of this arrangement of use of Dr. Schweitzer's premises, services, etc. open or practice in any office within 5 miles of 2500 East Hallandale Beach Blvd. for a period of three (3) years following his leaving 2500 East Beach Blvd. offices of Dr. Schweitzer.
Plaintiff filed a complaint alleging that on or about February 8, 1977, the relationship created by the above agreement was dissolved and that prior to the expiration of three years after the dissolution of the relationship, Dr. Seaman opened an office within five miles of Dr. Schweitzer's office in violation of Section 4 of the above agreement.
Defendant Seaman moved to dismiss the complaint alleging that the agreement was an illegal restraint of trade in violation of Section 542.12, Florida Statutes (1979). The trial court dismissed the complaint with leave to amend. Plaintiff then filed an amended complaint which contained the additional allegation that the association between the doctors was in fact a partnership. It characterized as a misnomer the description of Dr. Seaman as an independent contractor. Attached to the complaint was a copy of the agreement. Defendant again moved to dismiss based upon Section 542.12 further maintaining that the allegation of partnership was an attempt to modify an unambiguous contract. The trial court granted this second motion to dismiss with prejudice. Plaintiff appeals arguing the agreement was ambiguous as to the nature of the business relationship. Plaintiff contends he should have had the opportunity to prove his allegations of partnership.
Section 542.12, Florida Statutes (1979), provides in part:
(1) Every contract by which anyone is restrained from exercising a lawful profession, trade or business of any kind, otherwise than is provided by subsections (2) and (3) hereof, is to that extent void.
* * * * * *
(3) Partners may, upon or in anticipation of a dissolution of the partnership, agree that all or some of them will not carry on a similar business within a reasonably limited time and area.
The Florida Supreme Court in Akey v. Murphy, 238 So.2d 94 (Fla. 1970), specifically found subsection (3) above valid, that is, partners may validly agree to limit competition within a reasonable time and area after one party withdraws from the partnership. Akey found such a partnership agreement between two doctors enforceable.
The issue presented here is whether based upon the complaint and attached agreement the trial court could properly have found that the doctors' relationship was not a partnership and that plaintiff could not have amended his complaint to demonstrate that it was a partnership.
Plaintiff argues that an ambiguity exists as to whether this was indeed a partnership. While the amended complaint alleges a partnership, the attached agreement was clearly to the contrary. It specifically provided that Dr. Seaman was an independent contractor, that his liability was separate and that Dr. Schweitzer's percentages of Seaman's grosses were strictly in exchange for equipment and materials. The separate liability provision alone is in conflict with *1178 Florida law requiring partnership liability for the wrongful act of a single partner. Section 620.62, Florida Statutes (1979). Further, the agreement specifically defines Dr. Seaman as an independent contractor.
The words found in a contract are to be given meaning and are the best possible evidence of the intent of the contracting parties. Jacobs v. Petrino, 351 So.2d 1036 (Fla. 4th DCA 1976), cert. den. 349 So.2d 1231 (Fla. 1977). We find the agreement between the doctors here unambiguous and that it did not establish a partnership.
In finding the contract unambiguous, we necessarily find correct the dismissal of the complaint with prejudice. The amended complaint merely alleged the parties intended a partnership. The attached contract clearly shows to the contrary. Where there is an inconsistency between the general allegations of material fact in the complaint and the specific facts revealed by the exhibit, and they have the effect of neutralizing each other, the pleading is rendered objectionable. Harry Pepper & Assoc., Inc. v. Lasseter, 247 So.2d 736 (Fla. 3d DCA 1971), cert. den., 252 So.2d 797 (Fla. 1971); Padgett v. First Federal Savings and Loan Association of Santa Rosa County, 378 So.2d 58 (Fla. 1st DCA 1979). Plaintiff's suit is basically one for enforcement of a written contract. The contract, as written, is declared void as against public policy by statute. We can envision no way plaintiff could further amend to avoid the effect of the statute. Plaintiff did not plead fraud in the inducement nor does he argue on appeal that he could, if allowed to amend.
We, therefore, affirm the judgment of the trial court dismissing the amended complaint with prejudice.
AFFIRMED.
LETTS, C.J., and DOWNEY, J., concur.