389 So.2d 247 (1980)
Thomas N. LINTON, Appellant,
v.
PENSION SERVICES CORPORATION, a Florida Corporation, Appellee.
No. 79-1406.
District Court of Appeal of Florida, Second District.
September 24, 1980.
Rehearing Denied October 23, 1980.
*248 Ira M. Seidler, St. Petersburg, for appellant.
Peter H. Dubbeld and Neil G. Kiefer, of Brown, Watson, Goldstein & Douglass, St. Petersburg, for appellee.
GRIMES, Judge.
When Pension Services Corporation terminated the employment of Thomas Linton, a dispute arose between Linton and the corporation over the amount of compensation owed him. This appeal is a result of that dispute.
Mr. Linton began working for the corporation late in 1976 under an employment agreement, the pertinent provisions of which were as follows:
5. COMPENSATION OF EMPLOYEE: One hundred fifty dollars ($150.00) per week plus commissions as follows:
a. A commission of twenty five percent (25%) of the total first year billing on new business brought in by the employee.
b. A bonus of fifteen percent (15%) of the dollar amount of the employee time billed on new business brought in by someone else.
c. A bonus of fifteen percent (15%) of the dollar amount of the employee time billed on business in the second and subsequent years.
The commission and bonus monies shall be accrued when billed and payable to the employee when received. Such monies shall be net of any automobile or other expenses allowed.
New business brought in by the employee shall mean all new business except for that business which is specifically brought in by a different representative of [the corporation] or FINANCIAL PLANNING CONSULTANTS, INC.
6. TERMINATION OF EMPLOYMENT BY EMPLOYER OR EMPLOYEE: The Employer and the Employee may terminate this agreement by giving notice, each to the other, in writing, at least ... (30) days prior to the termination of employment. Any and all monies not paid at severance will be accrued and payable as per paragraph 5. And a monthly accounting will be supplied the terminated employee at least every 30 days until all monies are paid out.
On September 28, 1977, the corporation terminated Mr. Linton's employment without any previous notice to him. Thereafter, he filed suit against the corporation, alleging that based on his employment contract it owed him a portion of his salary for October and various commissions. He also alleged that the corporation had breached an agreement to transfer to him ten percent of its outstanding stock.[1] In response to Mr. Linton's complaint, the corporation alleged that it had paid him advances on his potential commissions and that these advances exceeded the amount of salary and commissions due to him. During the non-jury trial which followed, both Mr. Linton and John P. Larrison, chairman of the board of the corporation, testified concerning the amounts they believed that Linton had earned and had been paid,[2] and they presented worksheets and records to back their opposing contentions. After hearing the evidence, the court entered a final judgment in which it denied Mr. Linton's claim. In so doing, the court said:
On the issue of damages, the Court would find that there is considerable confusion so far as the records of defendant corporation are concerned. Such records appear to be somewhat [in] disarray and somewhat incomplete. For whatever reason, the Court makes no finding as to who was at fault. The Court recognizes *249 the plaintiff apparently keeps very methodical records for himself, but that the records produced do not form a coherent whole of the financial records of this corporation.
We have carefully studied the testimony of the parties and the exhibits introduced at trial. While we can sympathize with the court's concern over the confusing state of the financial records presented to it, we think that there was sufficient evidence from which it could have made a determination as to the amount of compensation to which Mr. Linton was entitled. Uncertainty as to the amount of damages for breach of a contract or difficulty in proving the exact amount does not prevent recovery where there is a reasonable basis in the evidence for the amount claimed. The degree of certainty required is only that the mind of a prudent impartial person can be satisfied with the damages. Adams v. Dreyfus Interstate Development Corp., 352 So.2d 76 (Fla. 4th DCA 1977).
Mr. Linton's compensation depends, of course, on his employment contract. A review of that contract demonstrates that it supports three categories of compensation. The first is salary for the month of October. Since the contract requires thirty days notice prior to the termination of employment, Linton is entitled to receive his October salary since he was terminated without notice at the end of September. The next form of compensation to which he is entitled is the commission on payments received by the corporation which simply had not been computed at the time he left. The third type of compensation is the commission on those accounts billed but not paid as of the time of his termination. This type of commission arises from that part of the agreement which states, "[T]he commission and bonus monies shall be accrued when billed and payable to the employee when received... . Any and all monies not paid at severance will be accrued and payable as per paragraph 5."
Returning to the first category of compensation, the undisputed evidence shows that for each month he worked, the corporation paid Mr. Linton a $650 salary. This was apparently computed at $150 per week for a four and one-third week month. Therefore, Mr. Linton was entitled to $650 as salary for the month of October.
As to the commissions on payments received by the corporation which had not been computed at the time of Mr. Linton's termination, there is no dispute that he received commissions through June, 1977. However, the parties do dispute the amount of the commissions for July, August and September, 1977. Both Mr. Linton and Mr. Larrison presented figures supported by extensive worksheets. Linton's computation showed that he was entitled to a commission of $1,764 while Larrison contended that the corporation only owed him $1,187.10. Because the court found against Mr. Linton on his claim, we must resolve this conflict in the evidence by accepting those figures which most support the court's judgment. Thus, we hold that the corporation owed Mr. Linton only $1,187.10 for his July, August and September, 1977, commissions.
Lastly, we must determine the commissions due on accounts receivable by the corporation at the time of Mr. Linton's termination. Based on a list of accounts receivable which he presented to the court and which were at least in part supported by documents of the corporation, Mr. Linton contended that he was entitled to a commission of $1,870.20. Nowhere in his testimony did Mr. Larrison dispute the list of accounts receivable. Although there was some contention that the method Linton used in arriving at his commission was not accurate, it does not appear to us to have been unfair, and the corporation presented no evidence which actually demonstrated its inaccuracy.[3] Hence, we find that for the *250 third category of compensation, Mr. Linton was entitled to a payment of $1,870.20.
When the amounts due in each of the three categories are added together, the total amount due becomes $3,707.30. From this sum must be subtracted $1,244.04 which the evidence showed Mr. Linton had received as advances on commissions and $325 which he received as severance pay. That being accomplished, the amount to which Mr. Linton is entitled as compensation is $2,138.26. We reverse the judgment of the trial court and remand the case with directions that it enter a judgment in Mr. Linton's favor in that amount.
SCHEB, C.J., and HOBSON, J., concur.
NOTES
[1] The trial court ruled against Mr. Linton on the stock issue, and he does not challenge the court's ruling in this appeal.
[2] There was no dispute as to the amount of compensation Linton had actually received.
[3] One reason that the corporation may not have made a more concerted effort to dispute Mr. Linton's figures was that it apparently believed that the employment contract did not support an award of commissions on accounts receivable by the corporation at the date of Mr. Linton's termination. This contention is without merit because, as we earlier noted, the contract states that all commission and bonus monies are accrued at the time when they are billed.