467 So.2d 1072 (1985)
Richard L. WARE, John R. Elliott, and Rick L. Hazen, Appellants,
v.
MONEY-PLAN INTERNATIONAL, INC., Appellee.
No. 84-2140.
District Court of Appeal of Florida, Second District.
April 24, 1985.
Roy C. Skelton, Clearwater, for appellants.
Richard R. Logsdon, Clearwater, for appellee.
SCHOONOVER, Acting Chief Judge.
The appellants, Richard L. Ware, John R. Elliott, and Rick L. Hazen, appeal from a final judgment enjoining them from competing with appellee, Money-Plan International, *1073 Inc., a Florida corporation. We reverse.
The appellee corporation engages in the marketing of insurance policies and is a general agent acting on behalf of various insurance companies authorized to do business within the state of Florida. The appellants, licensed insurance agents, at various times entered into written corporate affiliate or associate agreements with the corporation. Pursuant to the agreements, the appellants were granted a license to sell the corporation's insurance products within a specific territory. The agreements contained a clause restricting the rights of the appellants to directly or indirectly enter into or engage generally in direct competition with the corporation. Specifically, the clause prohibited them from selling insurance in Pinellas and Hillsborough Counties for a period of one year after termination of their relationship with the corporation.
After the appellants terminated their relationship with the corporation and continued in the insurance business, the corporation filed the instant action seeking to enjoin them from engaging in direct competition with it. The matter was tried on the portion of the corporation's complaint that sought a permanent injunction against the appellants. At the conclusion of a nonjury trial, the trial court entered a final judgment enjoining the appellants from entering into or engaging in direct competition with the appellee corporation in selling insurance in Hillsborough and Pinellas Counties for a period of one year. The appellants then filed a timely notice of appeal.
On appeal, the appellants contend that their agreement not to compete with the corporation is void as an unlawful restraint of trade and therefore violative of section 542.33(1), Florida Statutes (1983). The appellee corporation, on the other hand, contends that the agreement is valid under section 542.33(2)(a), which states that an agent or employee may agree with his employer to refrain from carrying on in a similar business, within a reasonably limited time and area, so long as the employer continues to carry on a like business. The issue before us, therefore, is whether the appellants in this case were agents or employees of the corporation. We find they were not, but instead were independent contractors.
The contracts indicate that the appellants were to be considered as independent contractors engaged in the business of selling life insurance, and not as joint venturers or partners. The remaining provisions of the contracts are consistent with that relationship. Although such provisions are not solely determinative of the outcome, Sapp v. City of Tallahassee, 348 So.2d 363 (Fla. 1st DCA), cert. denied, 354 So.2d 985 (Fla. 1977), the words found in a contract are to be given meaning and are the best possible evidence of the intent of the contracting parties. Schweitzer v. Seaman, 383 So.2d 1175 (Fla. 4th DCA 1980).
John Drews, the president and principal stockholder of the appellee corporation, testified that the appellants were independent contractors and that he had no control over them. He further testified that the corporation intended its relationship with the appellants to be that of independent contractor-contractee.
In addition to the plain wording of the contract and the intent of the corporation as expressed by its president, the dealings between the parties fail to show a deviation from the independent-contractor status set out in the written agreements. The criteria used in determining whether an employer-employee relationship exists is virtually the same under the workers' compensation law and common law. Pearson v. Harris, 449 So.2d 339 (Fla. 1st DCA 1984). At common law, the four elements considered are as follows: (1) control of the servant's conduct; (2) selection and engagement of the servant; (3) power of dismissal; and (4) the payment of wages. Saudi Arabian Airlines Corp. v. Dunn, 438 So.2d 116 (Fla. 1st DCA 1983). The essential element in the determination is the existence of the power to control and to direct the manner in which the work shall be done. Pearson; Saudi Arabian Airlines *1074 Corp. We find the appellee corporation lacked the power to control necessary to make its relationship with the appellants one of employer-employee or principal-agent.
Once the appellants were licensed to sell insurance in the state of Florida, the agreement permitted them to make sales strictly on their own. They were charged a fee for use of the corporation's office space and were required to pay for supplies, pay for secretarial services, and share the expense of any long distance telephone calls. In exchange for a fee, the corporation provided the appellants with a sales manual including a script for the appellants to follow when selling insurance. Although the corporation expressed a desire that the appellants know the script, it never required them to follow it word for word. Providing the script, moreover, did not indicate a right to control the mode of performance, but instead related to the substance of the work contracted to be performed. Lee v. American Family Assurance Co., 431 So.2d 249 (Fla. 1st DCA 1983). Here, as in the case of United States Telephone Co. v. Fla. Dept. of Labor, 410 So.2d 1002 (Fla. 3d DCA 1982), appellee corporation was concerned with profits and exerted no effective control over the insurance agents.
Criteria exist, in addition to the principal element of power to control, which are helpful in determining whether an employer-employee relationship exists. Although formal tests or criteria should not be overemphasized because they create a danger of giving legal sanction to the mere appearance of an independent contractor relationship by those seeking to avoid the responsibilities of an employer-employee relationship, Hicks v. Kemp, 79 So.2d 696 (Fla. 1955), such criteria are still helpful in determining whether someone is an employee or independent contractor.
The additional criteria are as follows: (1) the extent of control which, by the agreement, the master may exercise over the details of the work; (2) whether the one employed is engaged in a distinct occupation or business; (3) whether in the locality, the work is usually done under the direction of an employer or done by a specialist without supervision; (4) the skill required in the particular occupation; (5) whether the employer or the workman supplies the instrumentalities, tools, and place of work for the person doing the work; (6) the length of time the person is employed; (7) whether the method of payment is by the time or by the job; (8) whether the work is a part of the regular business of the employer; (9) whether the parties believe they are creating the relationship of master and servant. Magarian v. Southern Fruit Distrib, 146 Fla. 773, 1 So.2d 858 (1941); Florida Gulf Coast Symphony v. Fla. Dept. of Labor, 386 So.2d 259 (Fla. 2d DCA), pet. for rev. denied, 389 So.2d 1108 (Fla. 1980).
Applying those criteria to this case, the services performed are not of the variety usually performed under the strict supervision of an employer because of the high degree of skill required in selling and interpreting insurance contracts. Although the agreements did not specify the period of time they would be effective, the appellants could not be fired without cause. They were paid on a commission basis and had to pay for, among other things, their own supplies and secretarial services. It appears that the work performed by the appellants was a part of the corporation's regular business, but that factor is not inconsistent with the interdependent relationships that may exist between a principal and an independent contractor. Florida Gulf Coast Symphony. The testimony of the corporation's president and principal stockholder indicates that the appellee corporation was not under the impression that a master-servant relationship had been created.
Appellee's reliance on Economic Research Analysts, Inc. v. Brennan, 232 So.2d 219 (Fla. 4th DCA 1970), is misplaced. There, the broker clearly had control over its agents or salesmen. The salesman in question was not allowed to use any sales or promotional material in making representations to the public, for *1075 soliciting offers, or for making sales, without first receiving written approval of the broker. The agent was registered with the Florida Securities Commission as a registered agent or salesman for the broker, and the broker was required by law to supervise his conduct. The evidence furthermore established that while so registered, the agents or salesmen could not sell securities for another dealer without the express permission of the dealer under whose name they had registered.
Accordingly, because in this case the parties' contracts state their intent to enter into an independent contractor-contractee relationship, and because the surrounding circumstances support that type of relationship, we find the trial court erred in determining that the appellants were agents of the appellee corporation. We hold, therefore, that the clause restricting the rights of appellants to sell insurance in Hillsborough and Pinellas Counties is void, and we reverse and remand with instructions to enter a judgment for appellants.
Reversed and remanded with instructions.
FRANK and HALL, JJ., concur.