470 So.2d 77 (1985)
James T. LENOX, Appellant,
v.
SOUND ENTERTAINMENT, INC., Appellee.
No. 84-2472.
District Court of Appeal of Florida, Second District.
June 5, 1985.
Lewis A. Hoffman, Dunedin, for appellant.
J. Patrick McElroy, Clearwater, for appellee.
RYDER, Chief Judge.
James T. Lenox and Sound Entertainment, Inc. entered into a written agreement, whereby Lenox agreed to accept assignments from Sound Entertainment to provide musical programs and entertainment activities to the public for a two-year period. Essentially, the contract was for Lenox's services as a disc jockey. The contract contained a restrictive covenant prohibiting Lenox from competing with *78 Sound Entertainment within a 150-mile geographical radius of Tampa for two years after the term of the contract. At the end of the contract's initial two-year term, Lenox started a similar business in direct competition with Sound Entertainment.
Sound Entertainment sued Lenox to enforce the covenant not to compete. Lenox defended on the basis that the covenant was void and unenforceable as an unlawful restraint of trade pursuant to section 542.33, Florida Statutes (1983).[1] The issue for the trial judge was whether Lenox was an independent contractor or an agent or employee of Sound Entertainment. The judge decided that the agent or employee exception of section 542.33(2)(a) applied and that the covenant was enforceable. The final judgment ordered Lenox to abide by the covenant and enjoined his competing business activities. We reverse.
The agreement between the parties explicitly stated that Lenox was an independent contractor and not an agent or employee. Furthermore, the agreement contained none of the indicia of either an agency or employment relationship. The primary distinction between an agent or employee and an independent contractor is the amount of control to which he is subject. If a person is subject to control as to his work results only, he is an independent contractor. If he is also subject to control as to the means used to achieve the results, he is an employee or agent. Sarasota County Chamber of Commerce v. State, Department of Labor and Employment Security, 463 So.2d 461 (Fla. 2d DCA 1985); D.O. Creasman Electronics, Inc. v. State, Department of Labor and Employment Security, 458 So.2d 894 (Fla. 2d DCA 1984); King v. Young, 107 So.2d 751 (Fla. 2d DCA 1958).
Lenox was subject to Sound Entertainment's control as to his work results only. Sound Entertainment did not control the means used. Although Lenox was obligated to accept assignments to set up and conduct programs, Lenox leased his equipment from Sound Entertainment and had the sole risk for the equipment's damage, loss or destruction. Lenox was solely responsibile for any damage to customers' property or premises and agreed to indemnify Sound Entertainment for any claims arising from such damage. He also agreed to indemnify Sound Entertainment for all loss, damage and expense, including attorney's fees, for any damage or injury caused by him or his employees. Lenox was not paid a salary but was paid for each completed assignment. No social security or federal tax was withheld from his pay, *79 and he was responsible for paying all taxes due. Finally, Lenox had no authority to bind Sound Entertainment in any respect.
All of the above provisions are consistent with the agreement's stated "intention that each party hereto shall remain an independent contractor responsible for their own activities." We hold, therefore, that Lenox was an independent contractor. As such, the covenant not to compete was violative of section 542.33(1). Ware v. Money-Plan International, Inc., 467 So.2d 1072 (Fla. 2d DCA 1985).
Accordingly, we reverse the order appealed from and remand to the trial court with instructions to enter a judgment for Lenox.
SCHEB and HALL, JJ., concur.
NOTES
[1] Section 542.33, Fla. Stat. (1983), provides:

Contracts in restraint of trade invalid; exceptions. 
(1) Every contract by which anyone is restrained from exercising a lawful profession, trade or business of any kind, otherwise than is provided by subsections (2) and (3) hereof, is to that extent void.
(2)(a) One who sells the goodwill of a business, or any shareholder of a corporation selling or otherwise disposing of all of his shares in said corporation, may agree with the buyer, and one who is employed as an agent or employee may agree with his employer, to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a reasonably limited time and area, so long as the buyer or any person deriving title to the goodwill from him, and so long as such employer continues to carry on a like business therein. Said agreements may, in the discretion of a court of competent jurisdiction, be enforced by injunction.
(b) The licensee, or any person deriving title from the licensee, of the use of a trademark and identifiable business format or system may agree with the licensor to refrain from carrying on or engaging in a similar business and from soliciting old customers of such licensor within a reasonably limited time and area, so long as the licensor, or any person deriving title from the licensor, continues to carry on a like business therein. Said agreements may, in the discretion of a court of competent jurisdiction, be enforced by injunction.
(3) Partners may, upon or in anticipation of a dissolution of the partnership, agree that all or some of them will not carry on a similar business within a reasonably limited time and area.
(4) This section does not apply to any litigation which may be pending, or to any cause of action which may have accrued, prior to May 27, 1953.