505 So.2d 1091 (1987)
AMEDAS, INC., a Florida Corporation, Appellant,
v.
Edward BROWN, Appellee.
No. 86-1256.
District Court of Appeal of Florida, Second District.
January 29, 1987.
Rehearing Denied April 22, 1987.
Steven G. Nilsson, Clearwater, for appellant.
Chester L. Skipper, St. Petersburg, for appellee.
RYDER, Judge.
Craig Allen and Ed Brown worked together for Heseco Corporation during the early 1980's. When Heseco began experiencing financial difficulties, Allen left the corporation and organized a business venture involving the sale of medical goods. He was awarded a line from Designs for Vision, Inc. (DVI). Allen and his wife formed Amedas, Inc. to sell the DVI line.
In 1984, Amedas and Brown entered into a sales representative agreement. The agreement provided that Brown was to "devote full time and to promote the best interest of Amedas" in selling DVI products. The agreement stated that Brown was an independent contractor. The agreement also provided that Brown was not to represent any other company directly or indirectly during the life of the agreement and that Brown was to receive 10% of the DVI commissions. The agreement also *1092 contained a noncompetitive clause which, among other things, provided that:
Rep further agrees that for a period of one year after the termination of this agreement, whether with or without cause, he will not for himself or on behalf of any one engaged in a similar line of business, directly or indirectly solicit business from any customer of Amedas, and during such one-year period, rep will not become interested in or associated directly or indirectly as principal, agent, or employee with any person, firm, or corporation which may solicit business from such customers. Additionally, for this same one-year period, rep agrees not to represent any manufacture or product line that has or has had a contractual relationship with Amedas, without the express written consent of Amedas.
Amedas alleges that roughly one year after Brown entered into the agreement with Amedas, Brown began meeting secretly with DVI representatives to obtain the DVI line for himself. Brown allegedly informed Allen that DVI representatives were coming to Florida on August 13, 1985 to speak to Allen. When Allen asked why DVI called the meeting, Brown allegedly told Allen that Amedas' relations with DVI were fine and that Allen should not be concerned. Brown, however, allegedly knew that the DVI representatives were coming to terminate DVI's relationship with Amedas and to award the DVI line to Brown.
On August 13, 1985, DVI informed Allen that it was terminating its relationship with Amedas. DVI awarded the medical line to Brown. Amedas brought suit alleging that Brown breached his sales representative's agreement by his disloyal actions. Brown defended on the basis that the agreement was void and unenforceable as an unlawful restraint of trade pursuant to section 542.33, Florida Statutes (1985). The issue before the trial court was whether Brown was an independent contractor or an agent or employee of Amedas. The trial court decided that Brown was an independent contractor and that the agreement was therefore unenforceable. The trial court dismissed Amedas' complaint with prejudice.
On appeal, Amedas contends that the trial court erred in finding Brown an independent contractor. Amedas argues that Brown was an agent and not an independent contractor. Amedas also argues that even if Brown were an independent contractor, he breached his contractual duty of loyalty to Amedas and/or tortiously interferred with the Amedas/DVI contract when he entered into secret negotiations with DVI representatives.
While we affirm the trial court's finding that Brown was an independent contractor, we reverse the trial court in its dismissal of Amedas' action. The trial court should have addressed the issues of Brown's alleged breach of contract and Brown's alleged tortious interference with the Amedas/DVI contract. Therefore, we reverse and remand for proceedings consistent with this opinion.
The words found in a contract are to be given meaning and are the best possible evidence of the intent of the contracting parties. Schweitzer v. Seaman, 383 So.2d 1175 (Fla. 4th DCA 1980). The Amedas/Brown sales representative agreement provided that Brown was to be considered an independent contractor. The remaining contractual provisions are consistent with that relationship.
In addition, the dealings between the parties failed to show a deviation from the independent contractor status set out in the sales representative agreement. The principal consideration in determining whether one is working as an independent contractor or as an employee or agent is the right of control over his mode of doing the work. If a person is subject to the control or direction of another as to his result only, he is an independent contractor. Sarasota County Chamber of Commerce v. Department of Labor and Employment Security, 463 So.2d 461 (Fla. 2d DCA 1985). If he is subject to control over the means used to achieve the results, he is an employee or agent. Lenox v. Sound Entertainment, 470 So.2d 77 (Fla. 2d DCA 1985); Ware v. *1093 Money-Plan International, 467 So.2d 1072 (Fla. 2d DCA 1985).
Amedas lacked the power to control necessary to make its relationship with Brown one of principal/agent. Brown set his own schedule and contacted prospects of his own choosing. Brown was compensated by a commission on the net amount of sales in his territory. Brown was financially accountable for inventory and product literature Amedas provided him. Either party could terminate the relationship upon two weeks' written notice. Amedas did not withhold social security or federal taxes from Brown's pay. Brown did not "have the right to enter into any contract, make any representation on behalf of and no order will be binding on Amedas until [Amedas] accepted [it] in writing." Brown was not an agent or employee of Amedas.
This case is distinguishable from Economic Research Analysts, Inc. v. Brennan, 232 So.2d 219 (Fla. 4th DCA 1970). Economic Research was an unusual situation in which the court found that the salesmen involved were agents and not independent contractors. In Economic Research, the broker clearly had control over its agents or salesmen. In fact, because the agent was registered with the Florida Securities Commission as a registered agent or salesman for the broker, the broker was required by law to supervise his conduct. The law also provided that the agent or salesman could not sell securities for another dealer without the express permission of the dealer under whose name they had registered.
Because the contract provides that Brown is an independent contractor and because the circumstances support that type of relationship, we hold that the trial court correctly found that Brown was an independent contractor and that the non-competition clause was unenforceable. The trial court, however, erred in dismissing Amedas' complaint without reaching the issues of whether Brown breached his duty to use his best efforts under the contract and/or whether Brown tortiously interferred with the Amedas/DVI contract.
Paragraph one of the contract provided that Brown would devote full time to and promote Amedas' best interest. Amedas' complaint alleges that Brown actively procured the DVI line from Amedas while he was still under contract with Amedas. Amedas appears to have sufficiently alleged a breach of contract claim. We must remand for further proceedings before the trial court.
Amedas also alleged that Brown tortiously interferred with Amedas' contract with DVI. To be actionable, tortious interference requires: (1) the existence of an advantageous business relationship under which the plaintiff has legal rights; (2) an intentional and unjustified interference with that relationship by the defendant; and (3) damage to the plaintiff as a result of the breach of the business relationship. Amedas appears to have sufficiently alleged a tortious interference claim. We must remand for further proceedings before the trial court.
Affirmed in part; reversed in part and remanded for proceedings consistent with this opinion.
FRANK, J., concurs.
GRIMES, A.C.J., concurring specially with opinion.
GRIMES, Acting Chief Judge, concurring specially.
I write this concurring opinion to express my belief that the courts have inadvertently construed section 542.33 to mean that one can never obtain a noncompetition agreement from an independent contractor, a result not necessarily contemplated by the legislature.
Subsection (2)(a) of the statute provides that "one who is employed as an agent or employee may agree with his employer, to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a reasonably limited time and area... ." In Economic Research Analysts, Inc. v. Brennan, 232 So.2d 219, 221 (Fla. 4th DCA 1970), the court analyzed the statute as follows:

*1094 Subsection (2) provides that "* * * [O]ne who is employed as an agent or employee may agree with his employer * * *." (Emphasis added.) The use of the word "employed" in this context does not mean that the agent is thereby, ipso facto, in an "employer-employee" relationship, but the word is used and should be construed in a broader sense as referring to one who is hired, or engaged or used as an agent. The term "agent" necessarily contemplates the existence of a "principal" and implies employment or service coupled with delegated authority to manage some affair for or on behalf of the principal and on his account, and to render an accounting of it. Berney v. State, Fla. 1948, 38 So.2d 55. In simple terms, agency may be defined as the relation which results where one person, called the principal, authorizes another, called the agent, to act for him with more or less discretionary power, in business dealings with third persons. 2 C.J.S. Agency § 1.
In that case, the court held that a "managing associate" was an agent of a broker and dealer in securities even though the agreement under which he worked expressly provided that the relationship of employer and employee did not exist between them.
In considering the suit of a Missouri corporation against a person called its branch manager in Florida for violation of a covenant not to compete, the court in Insurance Field Services, Inc. v. White & White Inspection & Audit Service, Inc., 384 So.2d 303, 307 (Fla. 5th DCA 1980) said:
Although it found Mr. D'Angelo to be an independent contractor rather than an employee, we find the trial court misconceived the legal effect of the sufficiency of the evidence, and that Mr. D'Angelo is, in our opinion, an agent within the meaning of Section 542.12(2) as interpreted by this court in Economic Research Analysts, Inc. v. Brennan, 232 So.2d 219 (Fla. 4th DCA 1970).
This language is susceptible of the interpretation that a person cannot be both an agent and an independent contractor.
Thereafter, in this court's case of Ware v. Money-Plan International, Inc., 467 So.2d 1072 (Fla. 2d DCA 1985), it was assumed, but apparently never argued, that an independent contractor could not be an agent. The decision actually turned upon an analysis of whether or not one party was an employee of the other, and the traditional criteria for determining the relationship of master and servant was applied. The Ware case acknowledged but distinguished the holding of Economic Research Analysts, Inc.
A subsequent decision of our court, Lenox v. Sound Entertainment, Inc., 470 So.2d 77 (Fla. 2d DCA 1985), generally followed Ware except that in Lenox the contract stated that the defendant was not an agent or employee and that the agreement contained none of the indicia of either an agency or employment relationship. However, this court ultimately held that the defendant was an independent contractor, thereby implying that he could not have been an agent.
I am convinced that through this series of decisions, the courts have drifted into the erroneous position that an independent contractor cannot be an agent for purposes of the statute. As stated in 41 Am.Jur.2d Independent Contractors § 2 (1968):
A person may be both an independent contractor and an agent for another. Thus, for example, an attorney at law, a broker, an auctioneer, and other similar persons, employed either for a single transaction or for a series of transactions, are agents, although as to their physical activities they are independent contractors; all of them have the power to act for and bind the principal in business negotiations within the scope of their agency.
Thus, an independent contractor cannot be an employee but he may or may not be an agent. This distinction is further explained in Restatement (Second) of Agency § 2 (1958), which reads in part:
§ 2. Master; Servant; Independent Contractor
... .

*1095 (3) An independent contractor is a person who contracts with another to do something for him but who is not controlled by the other nor subject to the other's right to control with respect to his physical conduct in the performance of the undertaking. He may or may not be an agent.
... .
b. Servant contrasted with independent contractor. The word "servant" is used in contrast with "independent contractor". The latter term includes all persons who contract to do something for another but who are not servants in doing the work undertaken. An agent who is not a servant is, therefore, an independent contractor when he contracts to act on account of the principal. Thus, a broker who contracts to sell goods for his principal is an independent contractor as distinguished from a servant. Although, under some circumstances, the principal is bound by the broker's unauthorized contracts and representations, the principal is not liable to third persons for tangible harm resulting from his unauthorized physical conduct within the scope of the employment, as the principal would be for similar conduct by a servant; nor does the principal have the duties or immunities of a master towards the broker. Although an agent who contracts to act and who is not a servant is therefore an independent contractor, not all independent contractors are agents. Thus, one who contracts for a stipulated price to build a house for another and who reserves no direction over the conduct of the work is an independent contractor; but he is not an agent, since he is not a fiduciary, has no power to make the one employing him a party to a transaction, and is subject to no control over his conduct.
See also Symons Corp. v. Tartan-Lavers Delray Beach, Inc., 456 So.2d 1254 (Fla. 4th DCA 1984) (one need not be an employee of a corporation to be its agent).
The conclusion that an independent contractor cannot be an agent as defined in section 542.33 is contrary to the statutory purpose of making it possible to prevent a person from acquiring the customers of the party whose product he sells. As interpreted, one who merchandises through the use of sales agents or manufacturers' representatives cannot protect himself against losing his customers to those who built up their goodwill while selling his product.
Having expressed my views, I nevertheless concur in the majority opinion because of the principle of stare decisis. At this point, if a change is to be made, it must come from the legislature.