DAUKSCH, Judge.
This is an appeal from a denial of an injunction sought to enforce a non-compete clause in a contract.
Appellant signs up “independent contractors” and agrees to supply them, on consignment, goods for retail sale. Included in the contract is the no-compete clause.
The parties agree no-compete clauses are governed by statute, section 542.33. When the agreement was signed the statute did not specifically apply to independent contractors but when the action was brought the legislature had amended the statute to add independent contractors.
Among the issues is whether the amendment to the statute should be applicable to the parties and thus allow enforcement of the contract. Appellant asserts that the statute was merely remedial in nature and thus is applicable. Appellee argues, and the trial judge found, that the statute was not merely remedial but was substantive and added a class of persons to its coverage, i.e. independent contractors.
While we agree that the statute effected a substantive change by adding a class of persons, independent contractors, we do not decide the case solely on that basis. In Amedas, Inc. v. Brown, 505 So.2d 1091 (Fla. 2d DCA 1987), the special concurrence notes that one can be both an independent contractor and an agent and thus fall within the application of the statute. See also Insurance Field Services v. White & White Inspection, 384 So.2d 303 (Fla. 5th DCA 1980). Here the evidence is such that no matter what name or title is given to appellee he was not acting as an agent of appellant and thus was not covered by the enforcement statute. Appellee was given candy on consignment and left to his own devices to sell it. If he sold some he kept 25% and paid the balance to appellant. No authority was given appellee to bind appellant and no such authority was made apparent. Appellant wants to have appellee a non-employee and non-agent for all purposes except the no-compete pact. The judgment is affirmed.
AFFIRMED.
COWART and DANIEL, JJ., concur.