638 So.2d 1001 (1994)
SERVPRO INDUSTRIES, INC., Appellant/Cross-Appellee,
v.
Richard D. SPOHN and Rebecca Spohn, his wife, Appellees/Cross-Appellants.
No. 93-1228.
District Court of Appeal of Florida, Fourth District.
June 15, 1994.
*1002 Kenneth W. Shapiro of Berger, Shapiro & Davis, P.A., Fort Lauderdale, for appellant/cross-appellee.
Bruce H. Little of Bruce H. Little, P.A., Fort Lauderdale, for appellees/cross-appellants.
STEVENSON, Judge.
Servpro Industries Inc. (Servpro), a franchisor of a business which provides cleaning and restoration services, sought breach of contract damages and injunctive relief against its franchisees, Richard and Rebecca Spohn. Servpro alleged that the Spohns violated a non-compete provision of the contract and failed to report and remit royalties. The trial court granted the Spohns' motion for directed verdict (1) finding that they had not violated the non-compete agreement because there was no evidence that Servpro's trademark or logo was used, and (2) finding that the evidence as to royalties was too speculative for the jury to compute damages. We reverse.
The Florida Anti-Trust Act of 1980 establishes the general rule that contracts in restraint of trade are unlawful but carves out various exceptions. Chap. 542, Fla. Stat. One exception, applicable to the present case, is found in section 542.33(2)(b), which allows a licensor and licensee to agree that the licensee will refrain from engaging in a similar business within the same geographical area for a limited period of time.
The licensee, or any person deriving title from the licensee, of the use of a trademark and identifiable business format or system may agree with the licensor to refrain from carrying on or engaging in a similar business and from soliciting old customers of such licensor within a reasonably limited time and area, so long as the licensor, or any person deriving title from the licensor, continues to carry on a like business therein... .
§ 542.33(2)(b), Fla. Stat. (1981).[1]
We hold that the trial court erred when it ruled that the licensee must not only carry on a similar business but also use the licensor's trademark or identifiable business format to fit within this exception. Our reading of the statute does not support such an interpretation. The plain wording of the statute simply does not require that the trademark be used in order to violate a non-compete agreement.
We find that the trial court correctly concluded that the non-compete clause in the present case could not fit within the section 2(a) exception because the Spohns were independent contractors under their agreement with Servpro.[2]See Lenox v. Sound Entertainment, Inc., 470 So.2d 77 (Fla. 2d DCA 1985) (non-competition clause between a corporation and an independent contractor not permissible under section 542.33(2)(a) exception). However, we reject the Spohns' argument, made for the first time on appeal, that if the exception in section (2)(a) is not applicable, then the exception in section (2)(b) cannot be applicable. No theory of statutory construction nor logic supports such a result. Section 542.33(1), Florida Statutes, provides that "[E]very contract by which anyone is restrained from exercising a lawful business of any kind, otherwise than is provided by subsections (2) and (3) hereof, is to that extent void." (emphasis added) Because the non-competition agreement is permissible under section (b), it is of no consequence that it does not also meet the requirements of section (2)(a).
We also find that Servpro presented sufficient evidence of unpaid royalties for a jury to make a damage determination and that the trial court erred in granting a directed verdict on the issue of damages. *1003 Servpro's damage evidence was based on numerous business records and its financial expert testified as to a definite damage amount. Although the expert's conclusions were challenged on cross-examination, his opinions were based on his evaluation of the business records received using generally accepted accounting principles. Indeed, the financial expert's review was made far more difficult because of the Spohns' own failure to maintain their business records in the manner specified in the franchise agreement. Nevertheless, a confusing state of financial records does not prevent recovery if there is sufficient evidence from which a damage calculation can be made. Linton v. Pension Serv. Corp., 389 So.2d 247 (Fla. 2d DCA 1980). See also Adams v. Dreyfus Interstate Dev. Corp., 352 So.2d 76, 78 (Fla. 4th DCA 1977). We find that in the instant case there was sufficient evidence from which a determination on the amount of damages could have been made  it was for the jury to either accept or reject the amount sought.
We have carefully considered the point raised on the cross-appeal and find that the trial court did not err in finding that Servpro filed count V within the applicable statute of limitations.
Accordingly, we reverse and remand to the trial court for a new trial.
DELL, C.J., and HERSEY, J., concur.
NOTES
[1] The parties agreed that the 1980 version of the statute is applicable to this case. In 1988, the statute was amended, but the amendment did not change the substance of the statute as applied to the issues in this action.
[2] One who sells the goodwill of a business, or any shareholder of a corporation selling or otherwise disposing of all of his shares in said corporation, may agree with the buyer, and one who is employed as an agent or employee may agree with his employer, to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a reasonably limited time and area, so long as the buyer or any person deriving title to the goodwill from him, and so long as such employer continues to carry on a like business therein... .

§ 542.33(2)(a), Fla.Stat (1981).