PER CURIAM.
We reverse the November 5, 1999 order denying appellant’s request for injunctive relief. The face of the order indicates that the trial court applied the incorrect law. This case concerns the enforcement of a covenant not to compete entered into in 1997. The trial court found that the covenant was “void as a matter of law pursuant to § 542.33[,]Contracts in restraint of trade valid, Florida Statutes.” Effective July 1, 1996, section 542.33 was repealed. Section 542.335, Florida Statutes (1999), became effective on July 1, 1996; section 542.335(3) provides that the act applies prospectively, but not “in actions determining the enforceability of restrictive covenants entered into before July 1, 1996.” The cases cited in the order suggest that the basis of the court’s ruling was that appellee, Noel Lawson was not an employee or agent, but an independent contractor. See Servpro Indus., Inc. v. Spohn, 638 So.2d 1001 (Fla. 4th DCA 1994); Le-nox v. Sound Entertainment, Inc., 470 So.2d 77 (Fla. 2d DCA 1985). These cases predate section 542.335(1)(d)1. which addresses the reasonableness of a time restraint in a restrictive covenant sought to be enforced against a “former employee, agent, or independent contractor.”
Reversed and remanded for further proceedings consistent with this opinion.
GROSS and HAZOURI, JJ., concur.
FARMER, J., dissents with opinion.