59 So.2d 532 (1952)
WHITE
v.
JOHNSON et al.
Supreme Court of Florida, en Banc.
June 13, 1952.
Coe & Coe, Pensacola, for appellant.
Philip D. Beall, Pensacola, for appellee.
HOBSON, Justice.
The determination of the question raised on this appeal requires us to again consider the proper construction to be given to Section 222.11 F.S.A. The identical query was presented in the case of Wolf v. Commander (Florida Citrus Exchange, Garnishee), 137 Fla. 313, 188 So. 83, 85. Counsel for appellant pose the question in the following language: "Is the accrued salary of a corporation executive for the performance of purely managerial duties exempt from garnishment, as a sum of money due for personal labor or services?" Counsel for appellee presents the interrogatory in this form: "Does Sect. 222.11, Fla. Stat. 1941 [F.S.A.], exempt from garnishment the head of a family residing in this State only for the wages due him for his manual labor and afford no protection to the head of a family for his earnings due him for personal services (other than manual labor) actually performed by him?"
The opinions in the case of Wolf v. Commander, supra, were filed April 21, 1939. At that time this Court was composed of but six members. The Court was divided three to three and opinions were written expressing the views of each *533 group. Because the members of the Supreme Court were permanently and equally divided in opinion as to whether the judgment of the lower court should be affirmed or reversed and there appeared no prospect of an immediate change in the Court's personnel, the judgment from which the appeal was prosecuted was affirmed. The lower court had ruled in effect that the language of Section 5792 C.G.L., 1927, now Section 222.11 F.S.A., was clear and unambiguous and made no distinction between "money or other thing" due for manual labor and "money or other thing" due for personal services which did not involve manual labor. The members of this Court who shared his view observed that the Court must accept the law as it is written and has no right by judicial fiat to add any qualifying words to it.
Mr. Justice Brown prepared what is designated in the reports as a dissenting opinion. He called attention to the title of the original act which was "`An Act to prohibit the attachment of money due as wages to laboring men'" and to the subsequent revisions and compilations of our statutes which carry the sub-heading "`Exemption of Wages from Garnishment.'" It was his conclusion that the words "`personal labor or services'" should be "construed in the light of the title to the Act" and considered the same as though they read "`personal labor and services.'" Thus the vocable "services" would have a signification similar to that accorded the word "labor" for it would then derive its true meaning from its conjunctive association with that word. This construction would necessarily exclude from the benefits of Section 222.11, supra, executives who are paid large salaries.
We deem it appropriate to observe at this juncture that not only would such construction exempt high salaried executives from the operation of Section 222.11, supra, but it would likewise exempt all executives regardless of the amounts of their salaries. We cannot subscribe to this construction for we do not believe the courts should presume that the legislature intended to create an exemption that would result in inequality as between citizens in the same income bracket regardless of whether their services consisted of manual labor or work wholly disassociated therefrom.
The decision in Wolf v. Commander, supra, was handed down April 21, 1939. Since that date there have been numerous sessions of the legislature, including the one existing on that date, and at no one of such sessions has the legislature seen fit to change in any material manner the language in the body of the statute. This fact may be taken as an indication that the legislature approved or accepted the construction placed upon Section 222.11, supra, by the effect of the three to three decision of this Court in the case of Wolf v. Commander, supra. What everyone knows the Court is presumed to know. For years, certainly since before the last reenactment without change of Section 222.11, supra it has been a matter of common knowledge that some day laborers earn as much or more in wages as many bookkeepers, secretaries and other so-called "white collar" employees, who could hardly be classified as manual laborers, are paid in salaries.
Counsel who orally presented appellant's cause to this Court, in his usual erudite, forceful and convincing manner, suggested at the argument and in his brief that we consider the fact "that where exemption statutes apply to `salaries', `earnings', `income' or other gains not confined to relatively small sums as in the case of `wages', the legislative bodies enacting the statutes have universally limited the amount by the use of such terms as `current earnings', `earnings' (within a given period), `earnings' (subject to a definite maximum), `Amount necessary for debtor's family', `a percentage of the amount eared (sic) per day, week or month', or some other limitation. Whereas, if the construction given by the trial court prevails the statute of Florida grants exemption to sums due for such services, of the most elaborate and expensive character, accrued over an unlimited period of time, and in an unlimited amount." (Italics supplied).
We add to our prior observations the fact that the Florida Legislature failed *534 to place in our statute any such restrictive terms nor did it employ therein any words limiting the amount of "money or other thing" due for the personal labor or services of the judgment debtor.
It might be well for some interested person to present the argument made by counsel for appellant to the legislature for we are not prepared to say that it is wholly devoid of merit. However, it is too well established to require citation of authority that under our form of government providing for three discrete branches thereof  the Executive, the Legislative and the Judicial  no one of them has the right to invade the sphere of operation of either of the others.
The final judgment from which this appeal was prosecuted is hereby affirmed.
SEBRING, C.J., and TERRELL, ROBERTS and MATHEWS, JJ., concur.
THOMAS, J., dissents.
CHAPMAN, J., not participating because of illness.