## In re GUARDIANSHIP OF KRECL.

Circuit Court, Palm Beach County, Civil Appeal.

January 27 and February 24, 1955.

William H. Cook, Winters, Foskett, Cook & Brackett, West Palm Beach, for appellant.

Farish & Farish, West Palm Beach, for appellee.

C. E. CHILLINGWORTH, Circuit Judge.

*January 27, 1955:* This appeal from an order entered by the county judge on June 23, 1954 was duly presented by counsel.

At the instance of counsel for an incompetent, the county judge appointed Tully Scott, as guardian of the property of the incompetent. The guardian was a young man, studying law, not yet admitted to the Bar of Florida, and an employee in the office of counsel. He performed his duties as guardian, resigning February 19, 1954. His resignation was accepted and his accounts were approved. The court found that he had faithfully discharged his duties, and issued letters of discharge to him.

Several days later the former guardian, Scott, filed a petition for the allowance of guardian's fees. He recited the nature of his services and filed affidavits from reputable members of the Bar, showing that in their judgment he was entitled to an amount varying between $880 and $1,000. The guardian who succeeded Scott filed a motion to dismiss Scott's petition for compensation because the county judge's court had lost jurisdiction by the letters of discharge issued to Scott, notwithstanding the guardianship was still pending, and prayed that the court hear testimony as to the nature of the services and as to the value, if any, of the services before entering an order.

Counsel at whose instance Scott was appointed guardian filed a petition alleging, in part, that Scott was an employee of counsel and that counsel was entitled to the guardian's fee, rather than the guardian. The theory was that Scott was a mere "nominal guardian," and was acting for counsel in carrying on the duties under the appointment of the court, as guardian, alleging that he had been compensated by the law firm for all of his services. Counsel asked that the court authorize payment to counsel for the guardian's compensation, rather than to the guardian. The court heard testimony.

In an order entered June 23, 1954 the court denied the application for the payment of compensation direct to the former guardian, Scott.

A careful examination of the testimony discloses no testimony as to any agreement between Scott and counsel as to compensation

—nor was one alleged in the petition filed by counsel. But, as the writer views the law, the existence or non-existence of such an agreement is immaterial to a consideration of Scott's petition.

A guardian occupies a highly fiduciary position. He is in every sense of the word an officer of the court and not a "nominal" or "dummy" officer. He is not—in the eyes of the court—an employee of counsel. He acts for the court—not counsel.

This court therefore determines, as a matter of law, that one who is appointed by a court to serve as a guardian and who faithfully performs his duties, is entitled to have an award of compensation paid directly to him. After receipt of the compensation by him, the court has no control over it. Section 745.32, Florida Statutes 1953, provides that a guardian shall be allowed compensation. There is nothing in the statute to indicate that the employer of the guardian is entitled to this compensation, directly or indirectly, insofar as the county judge's court is concerned.

The allowance of compensation earned by the guardian but payable to counsel, is in effect a garnishment of wages which are exempt from garnishment under the provisions of section 222.11 of the statutes. See White v. Johnson (Fla.), 59 So. 2d 532. It is tantamount to a garnishment directed to a public officer for his salary.

The county judge's order of June 23, 1954 is reversed. The court directs that the petition of Tully Scott filed May 25, 1954 be granted, and that the court award "just and reasonable" compensation to Tully Scott, to be paid direct to him for his services as guardian in this matter. Costs to be taxed against the estate.

*February 24, 1955:* This cause was duly presented upon application of the guardian for an order of supersedeas from the order entered by this court January 27, 1955.

The guardian advised the court that there were more than sufficient assets to pay any compensation of the guardian that the court may fix, and that such assets would be available during the pendency of any appeal.

Thereupon, it is ordered and decreed that upon the said Henry W. Jewett, as guardian of the property of Stanley Krecl, incompetent, executing a bond with good and sufficient surety for the sum of $300 in favor of Tully Scott, conditioned to pay all costs, interest and damages which the said Tully Scott may sustain in case the said appeal should be dismissed or said order be affirmed by the Supreme Court, said bond to be approved by the clerk of the

circuit court of Palm Beach County, and the said Henry W. Jewett, as such guardian, shall further retain in his custody and possession, pending said appeal, sufficient assets of the incompetent to pay to the said Tully Scott reasonable compensation in an amount not less than $1,000, then the same shall operate as a supersedeas and stay all proceedings in the said cause.