Darryl C. Casanueva, Port Charlotte, Fla., for debtors.

Diane L. Jensen, Fort Myers, Fla., trustee.

---

**In the Matter of Michael S. & Ellen C. MORIARTY, Debtors.**

**Bankruptcy No. 81–2220.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Jan. 25, 1983.

### FINAL ORDER ON TRUSTEE'S OBJECTION TO LISTED EXEMPT PROPERTY

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing upon the Trustee's Objection to Listed Exempt Property, filed by Diane L. Jensen, Trustee in Bankruptcy in the above-captioned Chapter 7 case. The Trustee objects to the exemptions listed by the Debtors as being in excess of the statutory exemption allowance of $1,000. Specifically, the Trustee objects to the exemption of personal property valued at $1,000 plus real estate commissions in the amount of $650, which are earned, but unpaid at the time of filing the Petition for Relief. The Trustee contends

that the real estate commissions do not constitute wages and are not covered by the exemption provision of Fla.Stat. § 222.11.

By previous Order of this Court, finding that the matter was not subject to summary disposition, an evidentiary hearing was held. From the evidence adduced at that hearing, the Court finds and concludes as follows:

Michael S. Moriarty, the Debtor, is a licensed real estate agent working with Petchy realty. His compensation was based solely on commissions and was not dependent on the hours worked. Petchy Realty exercised no control over the progress of the Debtor's work except as to the final results. No withholding or social security tax was deducted from the Debtor's commission checks, nor were unemployment taxes paid by Petchy Realty on his earnings. The Debtor provided his own transportation while on the job, but received no reimbursement.

■ The sole issue for determination is whether the Debtor's compensation constitutes wages which are exempt by virtue of Fla.Stat. § 222.11, or whether it must be classified as compensation to an independent contractor and, therefore, not exempt as wages. Florida Statutes § 222.11 exempts monies due to any person who is a head of household for labor or services rendered by that person. The Statute, however, cannot be construed to cover those instances in which an independent contractor seeks exemption of monies due to him. *Patten Package Co. v. Houser,* 102 Fla. 603, 136 So. 353 (1931). See also, 13 Fla.Jur.2d *Creditors' Rights and Remedies,* § 11 (1982).

The Supreme Court of Florida in *Magarian v. Southern Fruit Distributors,* 146 Fla. 773, 1 So.2d 858 (1941), stated that while there was no absolute rule for determining whether one is an independent contractor or an employee and each case must be determined on its own facts, there were certain well recognized and typical indicia of the status of an independent contractor. Among the factors indicated were "the existence of a contract for the performance by a person of a certain piece or kind of work at a fixed price, the independent nature of his business or his distinct calling, his employment of assistants with the right to supervise their activities, his obligation to furnish necessary tools and supplies, his right to control the progress of the work except as to the final results, the time for which the workman is employed, the method of payment, whether by time or by job, and whether the work is part of the regular business of the employer."

■ Applying these principles to the facts as they appear from the record, the Court is satisfied that the Debtor was an independent contractor and that his compensation constituted pure real estate commissions and, therefore, is not subject to exemption by the Debtor.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's Objection to Listed Exempt Property be, and the same hereby is, sustained and the Debtors' claimed exemption of real estate commissions be, and the same hereby is, disallowed. It is further

ORDERED, ADJUDGED AND DECREED that the Debtor be, and the same hereby is, directed to remit to the Trustee the sum paid to him in real estate commissions earned, but unpaid at the time the Petition for Relief was filed. It is further

ORDERED, ADJUDGED AND DECREED that the entry of this Order is deemed to be a dispositive order and as such is effective immediately upon entry by the Clerk of the Bankruptcy Court unless stayed by this Court upon an appropriate motion or by a District Judge pursuant to Emergency Local Rule (d)(2).