In re German MONTOYA, Debtor.

Bankruptcy No. 87–01117–BKC–6P7.

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Sept. 15, 1987.

Peter N. Hill, Orlando, Fla., trustee.

Frank M. Wolff, Maitland, Fla., for debtor.

---

## ORDER DENYING TRUSTEE'S OBJECTION TO EXEMPTIONS

GEORGE L. PROCTOR, Bankruptcy Judge.

This cause having come on before this Court upon the Objection by Peter N. Hill, Trustee, to the exemption claimed by German Montoya, Debtor, for a $3,600.00 deposit alleged to be wages, and this Court having heard the arguments of counsel, having heard the evidence and being otherwise fully advised in the premises.

### FINDINGS OF FACT

This court finds as follows:

1. The Debtor is a doctor of medicine specializing in neurological surgery residing in the State of Florida. The parties have stipulated that the Debtor is a head of a family for purposes of Florida Statute 222.11.

2. Prior to the filing of the petition in this cause, the Debtor was a shareholder in Orlando Neurological Associates, P.A. (the "P.A."), a Florida professional association. Prior to the filing of the petition, the Debtor sold his interest in the P.A., at fair market value, to the remaining shareholder. After the transfer, the Debtor retained no ownership interest in the P.A. or in its accounts.

3. The Debtor remained employed as an associate with the P.A. after the transfer under an employment agreement (the "Employment Agreement") that was drawn up and executed by the P.A. and the employees prior to the filing of the petition.

4. The Employment Agreement addresses issues of control, compensation, time and expenses. It provides, among other things, that the P.A. has authority to control the Debtor's practice of medicine and that the Debtor is paid a salary set by the P.A. on a periodic basis. The Employment Agreement further provides that the Debtor can take patients only subject to the approval of the P.A.

5. In addition to the factors set forth in the Employment Agreement, the P.A. withheld from the Debtor's paycheck federal withholding and F.I.C.A. taxes.

6. Just prior to the filing of the petition, the Debtor took one of his regular salary paychecks in the amount of $3,600.00 from the P.A. and deposited it in a local bank. No other monies were deposited in the account as of the date of the filing of the petition.

7. The Debtor claimed the deposit as exempt on schedule B–4 of the Debtor's petition by virtue of Florida statute section 222.11.

8. After the filing of the petition, the Trustee made a timely objection to this exemption, claiming that the Debtor did not earn "wages" which were entitled to exemption under Florida Statute 222.11.

### CONCLUSIONS OF LAW

The Court makes the following conclusions of law:

Florida Statute 222.11 exempts from legal process any money or other thing due to any person who is a head of household residing in Florida when the money or thing is due for personal labor or services performed by that person. Fla.Stat. 222.-11. The parties have stipulated that the sole issue of this matter is whether the $3,600.00 which is the subject of this dispute is wages earned by personal labor or services of the Debtor.

The analysis of this issue must break into two parts. First, the services performed which produced the monies must be examined to determine whether they are the Debtor's *personal* services. Secondly, the relationship of the Debtor with the person or entity who paid the money must be examined to determine whether the Debtor is an employee or an independent contractor.

■ The Florida legislature evidenced an intent in Florida Statute 222.11 to protect the fruit of someone's labor for the benefit of his family. By inserting the word "personal" into the key phrase, the legislature excluded from this protection income that is derived from passive sources, such as investment income or return on capital. The fruit of a debtor's day-to-day efforts are protected whereas the fruits of his collected wealth are not.

Although the conclusion reached by this Court in the case of *In re Malloy,* 2 B.R. 674 (Bkrtcy.M.D.Fla.1980), was based upon different grounds in that the debtor in *Malloy* testified that he was an independent contractor, the decision is, nevertheless, instructive in this analysis. In *Malloy,* the debtor was an insurance salesman who was entitled to renewal commissions for various insurance contracts. This Court looked to the amount of time the debtor spent personally servicing the contracts and ruled that only that amount earned from servicing the contracts would be protected for the debtor's family. *Id.* at 676. Thus, it is necessary to analyze the facts to distinguish between monies earned by the debtor's personal services and monies derived from the debtor's passive income.

In the instant case, the Debtor is paid a salary set by the P.A. for his personal services alone. He is not entitled to any compensation or share in fees paid to the P.A. for services of staff, equipment charges or anything other than his services. The uncontroverted evidence showed that the Debtor retained no interest in the P.A. or its assets. Accordingly, all of the monies under discussion are the result of the Debtor's personal services alone and not passive income.

■ The second element of the analysis then is the relationship between the debtor and the person paying for the debtor's services. Courts interpreting section 222.11 have typically looked to the facts of each case to determine if compensation paid to a debtor is classified as wages to an employee or as compensation to an independent contractor. The payment of wages to an employee are exempt under 222.11 whereas compensation to an independent contractor is not. *In re Moriarty,* 27 B.R. 73 (Bankr. M.D.Fla.1983).

To determine whether a person is an employee or an independent contractor, the facts of each case must be taken into account. Rather than categorizing a person as an employee or an independent contractor solely on the basis of his job title, case law has looked to factors for determining a person's employment relationship. *Refco, Inc. v. Sarmiento,* 487 So.2d 75 (3d DCA Fla.1986). These factors were addressed in the case of *In Re Moriarty. Supra.* The *Moriarty* court looked at: The existence of an employment contract; who was to furnish tools and supplies; the right to control progress of the employee's work; the method of payment; and whether the work performed is part of the regular business of the employer. *Id.* at 74. In *Moriarty,* the debtor was a real estate agent whose compensation was based solely on commissions, whose progress of work was not subject to control by the real estate company and whose expenses were not reimbursed by the company. The court held that the debtor was an independent contractor rather than an employee. *Id.* As set forth below, the relevant factors when

applied to the facts of this case establishes that the Debtor is an employee entitled to the protection of Section 222.11.

The first factor is the existence of an employment contract itself. A contract is the best possible evidence of whether the contracting parties intended to form an employee-employer relationship or merely engage the services of an independent contractor. *Ware v. Money-Plan Intern, Inc.*, 467 So.2d 1072 (2d DCA, Fla.1985). In this case the Debtor entered into an Employment Agreement with the P.A. which is quite comprehensive. The P.A. provides the Debtor with facilities, equipment and supplies and pays for his professional liability insurance, occupational license fees and many other expenses which would typically only be paid by an employer in an employee-employer relationship. The Employment Agreement gives the P.A. authority to establish policies and procedures to be followed in treating patients and to determine which patients the Debtor may treat. Additionally, the agreement establishes a fixed salary for the Debtor. The agreement itself is strong evidences the parties intended to create an employee-employer relationship.

The next applicable indicia addressed by the *Moriarty* court is the obligation to furnish necessary tools and supplies. Typically, an independent contractor furnishes his/her own tools and supplies whereas an employer generally furnishes any necessary tools and supplies for employees. In this case, the P.A. is responsible for providing medical facilities, offices, equipment, utilities, supplies and drugs which are necessary for the Debtor to use in the course of his employment. Additionally, the P.A. is responsible for providing all necessary support personnel. The Debtor is not required to purchase any supplies nor employ any other personnel. Thus, the P.A.'s obligation to furnish necessary tools and supplies is further evidence that an employee-employer relationship was created.

The next factor, and perhaps the most important factor, in determining whether a person is an employee or an independent contractor is the right to control the progress of the work. Typically an employer has a right to control the progress of an employee's work but does not have the right to control the progress of an independent contractor's work. As evidenced by the Employment Agreement in this case, the P.A. has the exclusive authority to establish the professional policies and procedures for treating patients. Through these policies and procedures the P.A. has the right to control the means by which the Debtor may treat his patients. If the Debtor is subject to control as to the means used in treating his patients, he is an employee. *D.O. Creasman Electronics, Inc. v. State Department of Labor*, 458 So.2d 894 (2d DCA, Fla.1984). Additionally, the Employment Agreement gives the P.A. the right to determine what patients the Debtor may treat. The Trustee has argued that the P.A. has not actually controlled or interfered with the Debtor's treatment of the P.A. patients. However, as stated by the Florida Supreme Court in *National Surety Corporation v. Windham*, 74 So.2d 549 (Fla.1954) "[i]t is the *right* of control, not actual control or actual interference with the work, which is significant in distinguishing between an independent contractor and a servant." The court held that the "right to control depends upon the terms of the contract of employment." *Id.* at 550. In this case, the Employment Agreement granted the P.A. the right to control the work of the Debtor regardless of whether the P.A. ever chooses to exercise that right. Thus, the P.A.'s right to control is an additional indicator of the existence of an employee-employer relationship.

Turning next to the method of payment, the Debtor's compensation typifies that of an employee rather than that of an independent contractor. An employee is typically paid by time, whether it be by salary or by hourly rate, whereas an independent contractor is typically paid by the job. In the instant case, the Debtor is paid a straight salary by the P.A. His salary remains constant regardless of how much money the P.A. is paid for his services or whether the P.A. incurs profits or losses. Thus, the Debtor's wages are indicative of that of an employee.

The final factor addressed by the *Moriarty* court is whether the work is part of the regular business of the employer. In the instant case, the P.A. is a professional association comprised of physicians engaged in the practice of medicine. The P.A.'s sole enterprise is that of providing medical services. Therefore, the Debtor satisfies this test as an employee.

Thus, by applying the facts of the instant case to the factors in the relevant case law, it is clear that the Debtor is an employee of the P.A. As an employee, the Debtor's salary is classified as wages which are exempt under Florida statute 222.11.

Wherefore, it is ORDERED as follows:

The Trustee's objection to the claimed exemption for $3,600.00 based upon Florida Statute Section 222.11 is DENIED.