In the Matter of Timothy McCAFFERTY and Joanne McCafferty, a/k/a Joanne Dippenworth, Debtors.

Bankruptcy No. 87–2206.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Dec. 1, 1987.

Shirley C. Arcuri, Tampa, Fla., for debtors.

Jack Weech, Lakeland, Fla., trustee.

## ORDER ON TRUSTEE'S OBJECTION TO LISTED EXEMPT PROPERTY

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came for hearing with notice to all parties in interest upon an Objection to Listed Exempt Property filed by Jack H. Weech, Jr., (Trustee) the Trustee in the above captioned Chapter 7 case. It is the contention of the Trustee that certain amounts deposited in bank accounts and claimed as exempt by Timothy and Joanne McCafferty pursuant to Fla.Stat. § 222.11, which allows an exemption for wages of the head of the household, cannot be allowed as exempt inasmuch as the bank account contains comingled wages of both debtors. The Court has considered the Objection together with the record, has heard argument of counsel and finds as follows:

The matter under consideration involves wages deposited into accounts at Barnett Bank in the amount of $10.00, Credit Union in the amount of $10.00, and First Union National Bank of Florida in the amount of $200.00. As established at the hearing on this matter, the bank accounts in question contain deposits from the wages of Timothy McCafferty, the head of the household, and of Joanne McCafferty, the joint Debtor spouse. It is undisputed that it is impossible to trace and identify the wages earned by Mr. McCafferty in the accounts.

This claim of exemption is based upon Florida Statute § 222.11 which provides in pertinent part as follows:

No writ of attachment or garnishment or other process shall issue from any of the Courts of this state to attach or delay the payment of any money or other thing due to any person who is the head of a family residing in this state, when the money or other thing is done for the personal labor or services of such person . . .

This exemption shall apply to any wages deposited in any bank account maintained by the Debtor when said funds can be traced and properly identified as wages.

Based upon the Florida Statute, it is without doubt that wages may be claimed as exempt, but only if their unique character as wages can be established by the Debtor and only if the funds can be traced and identified as wages once they are deposited in a bank account. It is further without question that this exemption for wages applies only to wages earned by the head of a household.

The problem arises when wages earned by the head of the household, Mr. McCafferty in this case, are comingled with wages earned by his spouse. That brings about the situation of comingling exempt funds with non-exempt funds, which can only be remedied by successfully tracing those wages earned by the head of the household. As it is without dispute in this case that the exempt wages cannot be traced and identified as wages, this Court is satisfied that the Trustee's objection is well taken and should be sustained

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Objection to Claim of Exemption be, and the same is hereby, sustained and the Debtors' claim of exemption as to wages deposited in the Credit Union, Barnett Bank, and First Union totalling $220.00 be, and the same is hereby, disallowed. It is further

ORDERED, ADJUDGED AND DECREED that the Trustee shall proceed to collect the above listed funds on deposit pursuant to § 704 of the Bankruptcy Code.