### In re Edward SCHLEIN and Kay Schlein, Debtors.

### Bankruptcy No. 88–2285–BKC–6B7.

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

May 21, 1990.

Richard Hennings, Tavares, Fla., for debtors.

David McFarlin, Orlando, Fla., for trustee.

Peter N. Hill, Orlando, Fla., for Florida Nat. Bank.

## MEMORANDUM OPINION

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon objections by the Trustee, George E. Mills, Jr., and Florida National Bank to property claimed exempt by the debtors. Upon the evidence presented, the Court enters the following Memorandum Opinion:

## FACTS

The debtors, Edward and Kay Schlein, filed for relief under Chapter 11 of the Bankruptcy Code on September 13, 1988. The case was converted to Chapter 7 on December 20, 1988.

The objectors controvert the claim of exemption by the debtors in the following:

(i) An Individual Retirement Account/Simplified Employee Pension Account ("IRA/SEP account") in First Federal Savings and Loan Association with a balance of $136,502.70.

(ii) An IRA/SEP account in Barnett Bank with a balance of $26,250.00

(iii) A regular checking account in Barnett Bank with a balance of $54,253.55.

The debtor, Edward Schlein, is a physician and is the president, a director and shareholder of Medical Emergency Department Services, Inc. ("MEDS"). The debtor, Kay Schlein, is the secretary/treasurer, a director and shareholder of MEDS.

MEDS has a contract with Leesburg Regional Medical Center for the past several years requiring it to provide physicians to staff the hospital emergency room 24 hours daily during the entire week. MEDS is paid a fee for its services, from which it pays physicians and assistants. The profits are divided among the shareholders.

## DISCUSSION

I. Debtor's Claim for Exemption of SEP/IRA Under Florida Statute § 222.21

A. *An SEP/IRA is an employee benefit plan under Erisa*

■ The debtor, Edward Schlein, claims an exemption for his interest in a simplified employee pension (SEP) that is qualified under the Internal Revenue Code (I.R.C.), 26 U.S.C. § 408(k). A SEP allows an employer to make those contributions for an employee's retirement. The employer makes contributions directly to an individual retirement account opened up by an employee with a bank, insurance company, or other qualified financial institution. *See,* Dept. of Treasury, Internal Revenue Service, Form 5305–SEP (1983). Self-employed individuals or sole proprietors are treated as their own employers under a SEP plan. *See,* I.R.C. § 401(c)(4).

The Employee Retirement Security Act of 1974 (ERISA), 29 U.S.C. § 1002(3) defines an "employee benefit plan" to mean:

... an employee welfare benefit plan or an employee pension benefit plan or a plan which is both....

ERISA § 1002(2)(A) defines an "employee pension benefit plan" to mean:

... any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program—

(i) provides retirement income to employees, or

(ii) results in a deferral of income by employees for periods extending to the

termination of covered employment or beyond, regardless of the method of calculating the contributions made to the plan, the method of calculating the benefits under the plan.

ERISA further provides that the United States Secretary of Labor may promulgate such regulations as is necessary or appropriate to carry out the provisions of ERISA. *See also,* Department of Labor Regulation § 2520.104—49 (provides SEP plan administrators with an alternative, simplified method for compliance with disclosure and reporting under ERISA).

Department of Labor Regulations § 2510.3—2(d)(i) provides that an individual retirement account under I.R.C. § 408 is an "employee pension benefit plan" if contributions are made by the employer. A self-employed individual or sole proprietor is treated as his own employer. I.R.C. § 404(c)(4). In this case, the debtor, Edward Schlein, acting as his own employer, has made all contributions to his SEP/IRA. The Court concludes that the debtor's SEP/IRA account is an employee benefit plan as defined under ERISA.

B. *Florida Statute § 222.21 relates to an ERISA Employee Benefit Plan*

Section 222.21(2)(a) provides in relevant part:

> ... any money or other assets payable to a participant or beneficiary from, or any interest of any participant or beneficiary in, a retirement or profit sharing plan that is qualified under Section ... 408 ... of the Internal Revenue Code of 1986, as amended, is exempt from all claims of creditors of the beneficiary or participant.

Section 222.21(2)(a), Florida Statutes creates an exemption for a SEP retirement plan qualified under I.R.C. § 408(k). The primary qualification issue raised in the Internal Revenue Code provision is ERISA qualification. A state statute need not specifically identify a plan for it to relate to ERISA. *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983).

This Court concludes that § 222.21(2)(a) directly relates to an employee benefit plan

covered by ERISA. *Shaw, supra.; See also, Mackey v. Lanier Collection Agency and Service, Inc.,* 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988); *In re Bryant,* 106 B.R. 727 (Bankr.M.D.Fla. 1989); *In re Polombo,* 106 B.R. 724 (Bankr. M.D.Fla.1989).

C. *ERISA preempts Florida Statute § 222.21 as it Relates to an Employee Benefit Plan Covered by ERISA*

■ ERISA, 29 U.S.C. § 1144(a) provides in relevant part:

> Except as provided in subsection (b) of this section, the provisions of this sub-chapter and sub-chapter 3 of this chapter shall supersede any and all state laws insofar as they may now or hereafter relate to any employment benefit plan described in § 1003(a) of this title and not exempt § 1003(d) of this title.

The United States Supreme Court has considered the question of § 1144(a) preempting state laws relating to ERISA. *Mackey, supra.* *Mackey* dealt with a Georgia statute which exempted an employee welfare benefit plan from garnishment. Although the state statute was actually promoting Congressional intent in furthering the purposes of ERISA, the court concluded that legislative good intentions could not save it from the broad preemptive scope of this section and, the Georgia law could not pass muster. *Id.* at 830, 108 S.Ct. at 2185.

The court noted that even though the Georgia statute did not specifically identify the plan as ERISA, it made reference to an ERISA plan and, therefore, under *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983), even laws which made reference to the ERISA plan or that relate to ERISA plans within the meaning of § 1144(a), were preempted. *Id.* at 829, 108 S.Ct. at 2185.

*Mackey* was not a bankruptcy case, but, numerous bankruptcy courts, including a sister court in the Middle District of Florida, have followed this analysis and concluded that state statutes, such as the one at issue in this case, are preempted. *Bryant, supra.; Sheppard, supra.; Polombo, supra.; In re*

*Dyke,* 99 B.R. 343 (Bankr.S.D.Tex.1989); *In re Brown,* 95 B.R. 216 (Bankr.N.D.Okla. 1989); *In re Flindall,* 105 B.R. 32 (Bankr. D.Ariz.1989); *In re McLeod,* 102 B.R. 60 (Bankr.S.D.Miss.1989).

This Court agrees with the sound reasoning of those cases and concludes that section 222.21(2)(a) is preempted by ERISA § 1144(a).

## II. Debtor's Claim of Exemptions for Wages.

Section 222.11, Florida Statutes, provides in relevant part:

No writ of attachment or garnishment or other process shall issue from any of the courts of this state to attach or delay the payment of any money or other thing due to any person who is the head of a family residing in this state, when the money or other thing is due for their personal labor or services of such person. As used in this section, the term "head of family" includes any unmarried, divorce, legally separated, or widowed person who is providing more than one-half of the support for a child or other dependent. This exemption shall apply to any wages deposited in any bank account maintained by the debtor when said funds can be traced and properly identified as wages.

■ The debtor must prove entitlement to an exemption. *In re Estridge,* 7 B.R. 873 (Bankr.M.D.Fla.1980).

## A. *Wage Exemption is not Applicable to Money Due or Paid to an Independent Contractor.*

■ To determine whether a person is an employee or an independent contractor, the facts of each case must be considered. *In re Montoya,* 77 B.R. 926, 928 (Bankr.M.D. Fla.1987). Among those facts to be examined:

Existence of a contract for the performance by a person of a certain kind of work at a fixed price, the independent nature of his business or his obligation to furnish necessary tools and supplies, his right to control the progress of the work except as to the final results, the time for which the workman is employed, the method of payment, whether by time or by job, and whether the work is part of the regular business of the employer.

*In re Moriarty,* 27 B.R. 73, 74 (Bankr.M.D. Fla.1983).

The courts also look to whether social security and unemployment taxes are deducted from the debtor's earnings. *Id.*

A contract is the best evidence of the intention of contracting parties to form an employee-employer relationship or to engage the services of an independent contractor. *Montoya* at 929. The debtor Edward Schlein did not have a written contract with MEDS, although he is president, director, and a shareholder in MEDS. The absence of a written agreement is strong evidence that the parties did not intend to create an employer-employee relationship.

Typically, an independent contractor furnishes his/her own tools and supplies, but an employer generally furnishes these items for an employee. *Id.* MEDS did not provide the debtor with any facilities, offices, equipment, utilities, supplies, drugs, insurance, or licenses which are necessary for the debtor to use in the course of his services. The tax returns filed by the debtor Edward Schlein show that he pays and deducts the following expenses in connection with his physician services: (i) malpractice insurance; (ii) wages; (iii) seminars and travel; (iv) license; (v) education; (vi) dues and publications; (vii) car expenses; (viii) utilities; (ix) office supplies; and (x) travel and entertainment. This serves as further indicia of the independent contractor status of the debtor, Edward Schlein.

By applying the facts of the instant case to the factors set forth in relevant case law, it is clear that debtor, Edward Schlein, is an independent contractor, and the sums in controversy are not exempt wages as contemplated by section 222.11, Florida Statutes.

## B. *Wage Exemption is Not Applicable to Commingled Bank Account.*

■ Even if the earnings of debtor Edward Schlein could be characterized as

wages, he is not entitled to the wage exemption due to his failure to trace and properly identify the funds deposited in the checking account with Barnett Bank.

Wages in a segregated account must be traced and identified as wages. However, the funds that debtor Edward Schlein is claiming as wages have been commingled in a general bank account with other deposits, including fishing tournament prize money, capital gains, interest, wife's wages, and rents. The debtors have repeatedly made withdrawals from the account and non-wage interest has accrued and credited to the account. When wages have been commingled, and it is impossible to trace and identify wages earned by the head of a household, then the exemption will not apply to deposits. *In re Szuets*, 22 B.R. 805 (Bankr.M.D.Fla.1982); *Matter of McCafferty*, 81 B.R. 99 (Bankr.M.D.Fla. 1987).

In *McCafferty, supra.*, that debtor deposited his wages in a bank account which also contained deposits from wages of the spouse. The court found that this commingling made it impossible to trace and identify the wages earned by the debtor. In so finding the court held that section 222.11, Florida Statutes, would not apply to the funds. *Id.* at 100.

This case is fully analogous to *McCafferty*, and the Court concludes that the funds in the Barnett Bank account are not exempt as wages.

## CONCLUSION

The SEP/IRA accounts held by the debtors in First Federal Savings and Loan Association and Barnett Bank, are not exempt pursuant to section 222.21(2)(a), Florida Statutes, since this state statute is preempted by ERISA, 29 U.S.C. § 1144(a).

The account of debtor Edward Schlein in Barnett Bank are not exempt as wages pursuant to section 222.11, Florida Statutes, because he is an independent contractor, and the wages have been impermissibly commingled.

A separate order sustaining the objections will be entered consistent with this Memorandum Opinion.