In the Matter of Lawrie B. GLICKMAN, DDS, Ruth L. Glickman d/b/a Dwight Dental Care, Debtors.

**MDFC EQUIPMENT LEASING CORP., Plaintiff,**

v.

**Lawrie B. GLICKMAN, Donald E. Lamar, D.D.S., P.A., Defendants.**

**Bankruptcy No. 88–5795–8B7.**

**Adv. No. 89–485.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

April 9, 1991.

Daniel R. Matthews, for plaintiff.

Charles Perry, for defendant.

David J. Tong, for Donald L. Lamar.

ORDER DENYING MOTION FOR CONTINUING POST–JUDGMENT WRIT OF GARNISHMENT AND GRANTING MOTION FOR DISSOLUTION OF WRIT OF GARNISHMENT

THOMAS E. BAYNES, Jr., Bankruptcy Judge.

THIS CAUSE came on for consideration upon a Motion for Continuing Post–Judgment Writ of Garnishment filed by Plaintiff, MDFC Equipment Leasing Corp., and a Motion for Dissolution of Writ of Garnishment filed by Defendant, Lawrie B. Glickman. The Court reviewed the Motion and the record and finds as follows:

1. On April 18, 1990, this Court entered a final judgment in favor of Plaintiff against Defendant. The Court concluded that the debt in the amount of $438,606.00 plus attorneys' fees of $1,300.00 and costs of $132.00 is nondischargeable pursuant to Title 11 U.S.C. § 523(a)(2).

2. On October 17, 1990, Plaintiff served a Continuing Post–Judgment Writ of Garnishment on the Garnishee, Donald E. Lamar, D.D.S., P.A., Defendant's alleged employer. Garnishee filed his Answer to Continuing Writ of Garnishment on October 30, 1990.

3. On November 27, 1990, Defendant filed a Motion for Dissolution of Writ of Garnishment, alleging the funds subject to garnishment are wages, he is the head of a family; thus under Florida law, the wages of the head of a family are not subject to garnishment.

4. Defendant is the head of a family.

## DISCUSSION

Plaintiff argues Defendant is an independent contractor and not an employee of the Garnishee. Therefore, the money owed by the Garnishee to Defendant is not exempt under F.S. § 222.11. On the other hand, Defendant argues he is an employee of the Garnishee, thus the money owed by the Garnishee to Defendant constitutes wages and is exempt under F.S. § 222.11.

In support of its argument, Plaintiff cites to the Court *In re Schlein*, 114 B.R. 780 (Bankr.M.D.Fla.1990), and *In re Montoya*, 77 B.R. 926 (Bankr.M.D.Fla.1987), which both held the wage exemption (F.S. § 222.11) is not applicable to money due or paid to independent contractors. In reaching this result those cases relied on *In re Moriarty*, 27 B.R. 73 (Bankr.M.D.Fla.1983), which in turn relied on the Florida Supreme Court decision, *Patten Package Co. v. Houser*, 102 Fla. 603, 136 So. 353 (1931), and 13 Fla.Jur.2d *Creditors' Rights and Remedies*, § 11 (1982). The initial analysis then must be the extent of the exemption under F.S. § 222.11.

In *Patten*, the defendant was employed by the garnishee for the purpose of delivering petroleum products. The Supreme Court found the money, in the amount of $703.19, due the defendant from the garnishee was not exempt under section 3885 R.G.S.1920, 5792 C.G.L.1927, now F.S. § 222.11. The Supreme Court based its holding on the fact the $703.19 due the defendant from the garnishee

> was not to come to him as compensation for his personal labor and services. It was to come to him as compensation for delivery of the petroleum products for the [garnishee], but was to pay the expenses which he had advanced or incurred in and about making such delivery with the net amount left thereafter to be divided equally between himself and son. Therefore, it was for the expense account, for the services of the adult son and for his services rendered.

*Patten* at 608, 136 So. at 356. The Supreme Court could not determine which part of the $703.19 was for the personal labor or services rendered by the defendant. Based on those facts, the Court found the $703.19 was not exempt from garnishment. The decision is not determinative on the fact the defendant was an independent contractor.[1]

This Court finds the issue in F.S. § 222.11 is not whether the defendant is an independent contractor or an employee but rather whether the work performed was in the nature of personal labor or services rendered by the defendant. *Patten* at 607, 136 So. at 355. *See also, Wolf v. Commander*, 137 Fla. 313, 188 So. 83 (1939); *White v. Johnson*, 59 So.2d 532 (1952) (the accrued salary of a corporate executive for the performance of purely managerial duties was exempt from garnishment, as a sum of money due for personal labor or services pursuant to F.S. § 222.11).

F.S. § 222.11 exempts from garnishment "the payment of any money or other thing due to any person who is the head of a family residing in this state, when the mon-

ey or other thing is due for the personal labor or services of such person." The Statute does not limit the term "payment of any money or other thing due" to wages alone. The Statute also does not limit the term "person" to an employee as opposed to an independent contractor. To read the Statute otherwise might render it unconstitutional as discriminating between different classes receiving compensation. *See, White* at 533.

> The purpose of the exemption laws is to prevent the unfortunate citizen from being deprived of the necessaries of life and to preserve for him and his family certain things reasonably necessary to enable him to earn a livelihood, and, where his livelihood is produced by his personal labor and services, to so protect him and his family that such earnings may not be taken from them and they be left destitute and a charge upon charity. [Cites omitted].
>
> The rule appears to be in almost all jurisdictions that *exemption statutes should be liberally construed in the favor of the debtor* that the very purpose of the statute in preserving to the unfortunate debtor and his family means of living without becoming a charge upon the public may be accomplished. [Cites omitted]. (Emphasis added).

*Patten*, 102 Fla. at 606–607, 136 So. at 355. The lower court had ruled in effect that the language of Section 5792 C.G.L., 1927, now Section 222.11 F.S.A., was clear and unambiguous and made no distinction between "money or other thing" due for manual labor and "money or other thing" due for personal services which did not involve manual labor. The members of this Court who shared his view observed that the Court must accept the law as it is written and had no right by judicial fiat to add any qualifying words to it.

*White* at 533.

F.S. § 222.11 is not ambiguous and must be read literally. Nothing in the Statute

---

1. The Court would note there is but a single sentence in *Patten* referencing the defendant was an independent contractor. This sentence did not in any way relate to the Supreme Court's holding. It was a mere finding of fact.

limits its operation to employees. *Moriarty* and its progeny could only have relied on an inaccuracy found in a secondary authority, 13 Fla.Jur.2d *Creditors' Rights and Remedies,* § 11 which states, "However, [F.S. § 222.11] cannot be construed to cover a case in which an independent contractor seeks exemption of wages due to him." This Court finds this statement is not the law in Florida.[2]

 In the present case, the money owed to Defendant by the Garnishee stemmed from the personal labor and services of Defendant. The parties are not disputing that fact. Based on the reasoning in *Patten, White,* and *Wolf,* and based on the clear wording of F.S. § 222.11, the Court finds the money owed Defendant from the Garnishee is exempt from garnishment regardless of whether the Defendant is an employee or independent contractor since the money stemmed from his personal labor and services.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Continuing Post–Judgment Writ of Garnishment is denied. It is further

ORDERED, ADJUDGED AND DECREED that Motion for Dissolution of Writ of Garnishment is granted.

DONE AND ORDERED.

---

**2.** For the reasons stated herein, this Court will not follow *Moriarty* and its progeny. *Cf. Refco,* *Inc. v. Sarmiento,* 487 So.2d 75 (Fla. 3rd DCA 1986).