**In re Joseph C. HADNOT, Debtor.**

**Bankruptcy No. 91–2986–BKC–3P7.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

March 31, 1992.

Donald W. Matthews, Jacksonville, Fla., for debtor.

Gregory K. Crews, Jacksonville, Fla., for trustee.

## MEMORANDUM OPINION

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon Trustee's Motion for Turnover of Property. A hearing was held on February 5, 1992, and upon the evidence presented, the Court enters the following Memorandum Opinion:

## FACTS

The debtor, Joseph C. Hadnot, filed for relief under Chapter 7 of the Bankruptcy Code on June 7, 1991.

During the course of the bankruptcy case, debtor was terminated from his employment with Winn–Dixie Blue Arrow Division ("Winn–Dixie").

Winn–Dixie has a 401K profit sharing plan in which debtor participated. On September 30, 1991, debtor received $6,030.12 as proceeds from the plan.

Debtor received his discharge on October 4, 1991.

Subsequently, the trustee filed a Motion for Turnover of the $6,030.12, pursuant to 11 U.S.C. § 542.

Debtor initially filed an answer admitting that he had received the funds, admitting that the funds were property of the estate, and asserting that the funds were exempt property. On February 19, 1992, debtor amended his answer to reflect his contention that the funds are not property of the estate.

The debtor did not claim the monies received from the profit sharing plan as exempt on his schedule B–4.

## DISCUSSION

Section 542 is the mechanism by which the trustee can compel turnover of estate property. It provides in relevant part:

(a) ... [A]n entity ... in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property....

The trustee's motion for turnover presents two primary issues. First, are the proceeds from the profit sharing plan property that the trustee may use, sell, or lease under § 363? And, if so, are the proceeds property that the debtor may exempt under § 522?

A review of § 363 is necessary to resolve the first question. Section 363(b)(1) states that "The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." Thus, it is necessary to determine whether the profit sharing proceeds are included within the scope of "estate property."

A definition of estate property is contained in § 541(a) which provides:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all of the following property, wherever located and by whomever held:

(1) Except as provided in subsection (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

. . . . .

(c)(2) A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

■ The Eleventh Circuit has decided that "applicable nonbankruptcy law" refers only to state spendthrift trust law. *In re Lichstrahl,* 750 F.2d 1488, 1489 (11th Cir. 1985). Consequently, only state spendthrift trusts are excluded from the bankruptcy estate under § 541(c)(2).

In the instant case, the proceeds from the profit sharing plan are only excluded from the estate if the plan contains anti-alienation provisions that are enforceable under state law as a spendthrift trust. The Winn–Dixie profit sharing plan is not a spendthrift trust under Florida law and the proceeds are properly included in the bankruptcy estate under § 541(a)(1).

■ Having concluded that the proceeds are estate property, the Court must next consider whether debtor's interest in the proceeds may be claimed as exempt. Under Fla.Stat. ch. 222.20, Florida has opted out of the federal exemptions contained in § 522(d) of the Bankruptcy Code. Instead, Florida residents may proceed only under § 522(b)(2) which provides:

(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection.

. . . . .

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable. . . .

The Eleventh Circuit has determined that this subsection was not intended to exempt ERISA-qualified pension plans from the bankruptcy estate. *In re Lichstrahl,* 750 F.2d at 1491. *See In re Rosenquist,* 122 B.R. 775, 781–82 (Bankr.M.D.Fla.1990). This Court must conclude that ERISA in and of itself does not provide a federal exemption for the profit sharing proceeds.

■ Next, the Court must consider whether the proceeds are exempt under applicable state or local law. Florida Statute 222.21(2)(a) provides:

(a) Except as provided in paragraph (b), any money or other assets payable to a participant or beneficiary from, or any interest of any participant or beneficiary in, a retirement or profit-sharing plan that is qualified under s. 401(a), s. 403(a), s. 403(b), s. 408, or s. 409 of the Internal Revenue Code of 1986, as amended, is exempt from all claims of creditors of the beneficiary or participant.

The Winn–Dixie profit sharing plan clearly falls within this exemption. Thus, the critical question presented is whether this Florida statute has been preempted by 29 U.S.C. § 1144(a).

■ Section 1144(a) provides in pertinent part:

... [T]he provisions of this subchapter and subchapter III of this chapter shall

supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

Thus, if a state law "relates to" an employee benefit plan, ERISA preempts that particular law.

 In a case factually similar to the case at bar, this Court held that ERISA preempts Florida Statute 222.21(2)(a). *In re Schlein,* 114 B.R. 780, 782–83 (Bankr. M.D.Fla.1990). The other bankruptcy judges of this district have also reached the same conclusion. *In re Rosenquist,* 122 B.R. at 782 (Corcoran, J.); *In re Lee,* 119 B.R. 833 (Bankr.M.D.Fla.1990) (Baynes, J.); and *In re Sheppard,* 106 B.R. 724 (Bankr. M.D.Fla.1989) (Paskay, C.J.). This Court sees no basis for departing from its past well-reasoned opinion.

## CONCLUSION

Thus, having been preempted by ERISA, Florida Statute 222.21(2)(a) is not a viable basis for exempting the profit sharing proceeds from the bankruptcy estate. Therefore, the proceeds are estate property and the trustee is entitled to a turnover of the $6,030.12.

A separate order granting trustee's motion for turnover will be entered consistent with this Memorandum Opinion.