**In re Grady W. McDANIEL & Margaret McDaniel, Debtors.**

**Bankruptcy No. 91–02148.**

United States Bankruptcy Court,
N.D. Florida.

April 7, 1992.

Jerry W. Gerde, Panama City, Fla., for debtor.

Ronald A. Mowrey, Tallahassee, Fla., Trustee.

## ORDER ON TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION

LEWIS M. KILLIAN, JR., Bankruptcy Judge.

This matter came before the Court on Ronald A. Mowrey, Trustee's objection to Debtors' Grady W. and Margaret McDaniel, Claim of Exempt Property. The issue before the Court is whether payments from Debtor's former CPA firm are fresh start wages under § 541(a)(6) and therefore excluded from Debtor's estate. Having considered the argument of counsel, the evidence presented, and for the reasons set out below, we hold that the payments are part of Debtor's estate and not within the "services" exception of § 541(a)(6).

### FACTS

Debtor was a shareholder in an accounting firm organized as a professional association. The firm's "employment agreement" specified that if any of the members left the firm, the remaining members

would purchase the exiting party's shares. In addition to the book value of the shares, the departing shareholder was entitled to receive a percentage of the firm's gross fees for the twelve months immediately preceding his departure. The agreement specified that payment under the profit-share clause would be made in 120 or 240 equal monthly payments, depending on the shareholder's age. The agreement also contained a non-compete clause which specified that the departing shareholder would be relieved of any right to payment if he performed accounting services for any of the firm's clients. At present, Debtor has 9.5 years of payments remaining and it is these payments that are at issue.

## DISCUSSION

Trustee asserts that the payments are in satisfaction of a right acquired prior to filing and therefore part of the estate. He argues that Debtor acquired the right to the payments through his contribution of capital and energy to the firm and the payments have nothing to do with post-petition services. Debtor counters that the payments are wages earned by refraining from competing with his former firm. He points out that the payments will cease if he does not fulfill his duty so he is actually earning the money by *not* working.

Trustee cites several cases in support of his position including *In re Prince*, 127 B.R. 187 (N.D.Ill.1987). *Prince* involved a dentist who sold the stock in his practice and agreed to a noncompete clause. Prince wanted to exclude the payments from his estate under the theory that he was earning the payments by *not* competing (much like the present case). The court held that the payments were for "good will" rather than services and, since the "good will" was inextricably tied to his pre-petition activities, the payments were part of the estate. The court also cited *In re Weyland*, 63 B.R. 854 (Bkrtcy.E.D.Wis.1986) for the principle that under § 541(a)(6), "earnings for services performed" does not include earnings from services *not* performed.

In support of his position, Debtor cites *In re Matter of Clark*, 891 F.2d 111 (5th Cir.

1989) and *In re Schneider*, 864 F.2d 683 (10th Cir.1988). In *Clark*, a professional football player was allowed to keep his post-petition earnings from playing football even though the contract was signed pre-petition. The court correctly held that the player earned his salary by playing football on a weekly basis rather than by merely attending the preseason camp and therefore, the post-petition payments were not part of the estate. In *Schneider*, a farmer was permitted to exempt the earnings he received under a government program which paid him *not* to plant crops. It should be noted, however, that the court based its decision on the fact that the "contract formation had not been completed as of the date of petition." *Id.* at 686. Also, the contract had little tie to the pre-petition activities of the debtor except that the amount paid to the farmer was calculated based on his previous crops.

While Debtor's cases seem somewhat analogous, we must not lose sight of the purpose behind § 541 of the Bankruptcy Code and the exception contained in § 541(a)(6). Section 541 is intended to include in Debtor's estate almost any asset or interest of value Debtor has. Section 541(a)(1) provides in pertinent part that property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." Further, the legislative history of the section expresses the intent that "property of the estate" be construed broadly and "includes all kinds of property, including tangible and intangible property, causes of action ... and all other forms of property currently specified in 70a of the Bankruptcy Act...." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 367 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 82 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5868, 6323. Section 541(a)(6) provides an exception to the broad rule by excluding "earnings from services performed by an individual debtor after the commencement of the case."

Debtor attempts to characterize the sale as a contract for employment in order to invoke § 541(a)(6) and the holdings of

*Schneider* and *Clark* that post-petition earnings from services are not within the estate. He argues that the payments are in fact being earned because Debtor is providing the service of *not* working for the firm's clients. Debtor attempts to distinguish *Weyland* which specifically stated that the court, "does not read 'earnings from services performed by an individual debtor after the commencement of the case' to include payments for services *not* performed by the debtor." *Weyland* at 863. Try as he may, debtor simply cannot get away from the fact that he does nothing to earn the money. The reality is that he has already earned the payments through his years at the firm. The requirement that he not work for the firm's clients is not a service, rather it is a penalty. We agree with *Weyland* that earnings from services *not* performed by a debtor are not excluded under § 541(a)(6).

A transaction almost exact to the one before the court was addressed by *In re Bluman*, 125 B.R. 359 (Bkrtcy.E.D.N.Y. 1991). In describing the transaction the court said:

> It is one for the sale of a business. Its primary objective was accomplished when the debtor turned over title to the assets. Although the debtor is currently obligated to abide by the terms of a covenant not to compete, the covenant is ancillary to the bargained for agreement
>
> . . .

*Bluman* at 363.

The true nature of the transaction under the "employment agreement" is not to perform a service for the firm, rather to sell Debtor's shares to the remaining shareholder's. It is clear that had debtor sold his shares to the firm and received immediate payment, the payment would have been part of the estate. If we were to hold that these payments were not part of the estate, we would have a situation where debtor can create an interest in property of the estate by merely delaying payment for the asset sold. It is a well accepted principle that "postponed enjoyment does not disqualify an interest as 'property'." *Segal v. Rochelle*, 382 U.S. 375, 380, 86 S.Ct. 511,

515, 15 L.Ed.2d 428 (1966). The payments received under the agreement are "sufficiently rooted in the pre-bankruptcy past and so little entangled in the debtor's ability to make a fresh start that [they] should not be excluded from property of the estate." *Id.*

This section was intended to give a debtor the ability to make a fresh start, not shield his pre-bankruptcy assets from his creditors. As the court in *In re Montoya*, 77 B.R. 926, 928 (M.D.Fla.1987) noted, "The fruit of the debtor's day-to-day efforts are protected whereas the fruits of his collected wealth are not."

We find that the covenant not to compete is a penalty completely separate and apart from the main objective of the transaction which was to sell stock the debtor owned and that § 541(a)(6) does not exclude from debtor's estate earnings for services *not* performed. For the foregoing reasons, we hold that the payments are part of Debtor's estate and that the Trustee is entitled to collect the funds for the benefit of the estate. Accordingly, Trustee's objection to debtor's claim of exemption is hereby SUSTAINED, and the exemption is disallowed.

DONE AND ORDERED.