**In re Eric A. HANICK and Kelly M. Hanick a/k/a Kelly Ducan, Debtors.**

**Bankruptcy No. 93–7805–8P7.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Feb. 22, 1994.

Warren H. Maratta, Jr., St. Petersburg, FL, for debtors.

Eugene V. Allen, Largo, FL, Trustee.

Meininger & Meininger, P.A., Tampa, FL, for Trustee.

**ORDER ON OBJECTION TO CLAIM OF EXEMPTION**

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing with due notice to all interested parties upon Objection to Claim of Exemption filed by the Chapter 7 Trustee (Trustee). Eric and Kelly Hanick claimed as exempt property commissions received by Eric Hanick (Debtor) on sales of real estate he procured as a real estate broker. It is the Trustee's contention that the Debtor is not entitled to claim these commissions as exempt. The commissions in question are based on sales procured by the Debtor made prior to the commencement of this Chapter 7 case. It is the Trustee's contention that the commissions due to the Debtor are not wages but commissions earned by an independent contractor and they are not within the wage exemption accorded to a person who qualifies to be head of household by Fla.Stat. § 222.11. The undisputed facts relevant to the resolution of

the Trustee's Objection are without dispute and are as follows:

The Debtor is a licensed real estate agent. He is affiliated with Cole Equity, Inc. (Cole), a licensed real estate broker. He is compensated by Cole solely on a commission basis, earned on real estate sales procured by the Debtor on the broker's behalf. The Debtor is a free agent and his compensation is not dependent on the number of hours worked but only on sales procured. He is not treated as an employee of Cole; his expenses for travel, occupational licenses and other overhead expenses connected with his business activity are borne exclusively by him; and are not borne by or reimbursed by Cole; Cole does not deduct any withholding for FICA or FUTA on the commissions paid to the Debtor; Cole carries no employer's identification number for the salesperson working under his broker's license; and, Cole does not pay payroll taxes as an employer on commissions paid to its real estate salespersons.

On July 20, 1993 the Debtor and his wife filed their Petition for Relief under Chapter 7 of the Bankruptcy Code. On November 8, 1993, the Debtors filed a Second Amended Schedules B and C in which they claimed $3,500 as exempt "Earnings as Head of Household." There is no dispute that this figure represents earned but unpaid real estate commissions due to the Debtor by virtue of certain real estate sales the Debtor procured for Cole prior to the filing of the Petition.

On November 23, 1993, the Trustee timely filed an Objection to Claim of Exemption. It is the Trustee's contention that the commissions claimed as exempt are not within the exemption of Fla.Stat. § 222.11 [1], which provides in pertinent part:

No writ of attachment or garnishment or other process shall issue from any of the courts of this state to attach or delay the payment of any money or other thing due to any person who is the head of a family residing in this state, when the money or other thing is due for the personal labor or services of such person . . . This exemption shall apply to any wages deposited in any bank account maintained by the debtor when said funds can be traced and properly identified as wages.

The language of the Statute is quite broad and seems to exempt anything earned, as long as it is compensation for personal labor or services. Even a cursory analysis would leave no doubt that a literal interpretation of the Statute would produce absurd results, surely which could not have been intended by the Legislature enacting this Statute. For instance, if a Debtor who renders personal services receives in return a car or other tangible personal property, or stock in a corporation, the same would technically be within the scope of this Statute. Equally, the Statute would exempt as wages accounts receivable earned by an individual who is operating a business as a sole proprietor where the business is not selling goods but merely rendering a service or furnishing labor.

However, the majority of the courts of this State have consistently limited the broad language of the Statute and held that the exemption applies only to actual wages earned by one in an employer/employee relationship. The Statute cannot be construed to cover those instances in which an independent contractor seeks exemption of monies due to him even if due for rendering personal labor or services. *Patten Package Co. v. Houser*, 102 Fla. 603, 136 So. 353 (1931); *In re Schlein*, 8 F.3d 745 (11th Cir.1993); *In re Montoya*, 77 B.R. 926 (Bankr.M.D.Fla.1987); *In re Moriarty*, 27 B.R. 73 (Bankr.M.D.Fla.1983). *But see In re Glickman*, 126 B.R. 124 (Bankr. M.D.Fla.1991).

In *Moriarty*, a case which involved facts almost identical to those in the present instance, this Court held that a real estate agent's commissions, as compensation to an independent contractor, were not exempt under Fla.Stat. § 222.11. Additionally, this Court identified certain factors as being typi-

---

**1.** The statute was amended April 15, 1993, effective October 1, 1993. Since this controversy is governed by the law applicable at the time the Petition for Relief was filed, this Court will not consider the amendment. The statute does not meet the requirements for retroactive application. See *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988).

cal indicia of independent contractor status. *See In re Moriarty*, 27 B.R. at 74, *citing Magarian v. Southern Fruit Distributors*, 146 Fla. 773, 1 So.2d 858 (1941).

Applying these principles to the undisputed facts, this Court is satisfied that the nature of the Debtor's occupation as a real estate agent is that of an independent contractor and the monies due to him are not wages within the meaning of Fla.Stat. § 222.11. Therefore, these monies are not subject to exemption by the Debtor.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's Objection is hereby sustained and the Debtor's claimed exemption of real estate commissions be, and the same hereby is, disallowed. The Trustee is hereby directed to administer these assets of the estate.

DONE AND ORDERED.