In re Harold PRUNER, d/b/a Pruner Consulting, Debtor.

Bankruptcy No. 89–2830–BKC–3P7.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Dec. 3, 1990.

Robert L. Young, Orlando, Fla., for Federal Deposit Ins. Corp.

James A. Fischette, Jacksonville, Fla., for debtor.

Gregory K. Crews, Trustee, Jacksonville, Fla.

## MEMORANDUM OPINION

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon objection by the Federal Deposit Insurance Corporation (FDIC) to property claimed exempt by the debtor. Upon the evidence presented, the Court enters the following Memorandum Opinion:

### FACTS

An involuntary petition in bankruptcy was filed against debtor on September 13, 1989, and order for relief was entered on October 17, 1989. FDIC objects to the claim of exemption by the debtor in the following contributions of the debtor's self employed defined benefit pension plan:

(i) August 15, 1985—$89,246 for the year 1984.

(ii) September 13, 1986—$89,246 for the year 1985.

(iii) September 15, 1987—$89,246 for the year 1986.

On December 27, 1984, debtor adopted a self-employed defined benefit pension plan (pension plan). The pension plan was a qualified plan pursuant to § 401 of the Internal Revenue Code (I.R.C.). The pension plan was established in the form of a trust, of which debtor was the employer settlor, trustee, administrator, and sole beneficiary. Subsequently three separate amendments to the pension plan were adopted.

At a time subsequent to creation of the pension plan, debtor ceased serving as trustee, and substituted Barnett Banks Trust Company. However, at date of petition, debtor was again serving as trustee. In addition, at all times since the inception of the pension plan, debtor was the employer and sole beneficiary.

Section 11.2 of the pension plan prohibits the assignment or alienation of any interest in the plan. Debtor, however, has the right, as employer, to amend or terminate the pension plan at any time (Sections 8.1 and 9.1), and to remove the trustee (Sections 7.7 and 11.3).

Debtor made contributions to the pension plan totaling $258,152, between August 15, 1985, and September 15, 1987.

Debtor listed the pension plan as an asset valued at $337,873.71 in Schedule B–2. He claimed the property as exempt under *Fla.Stat.* § 222.21 in Schedule B–4.

On January 26, 1990, FDIC filed an objection to the claim of exemption.

Debtor contends that the pension is exempt under Florida statute § 222.21 or as a spendthrift trust.

## DISCUSSION

I. *Debtor's Claim for Exemption Under Florida Statute § 222.21*

A. The debtor's pension plan is an employee benefit plan under Erisa

■ Debtor claims an exemption for his interest in a pension plan that is qualified under the Internal Revenue Code (I.R.C.), 26 U.S.C. § 401.

The Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1002(3) defines an "employee benefit plan" to mean:

... an employee welfare benefit plan or an employee pension benefit plan or a plan which is both....

ERISA § 1002(2)(A) defines an "employee pension benefit plan" to mean:

... any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program—

(i) provides retirement income to employees, or

(ii) results in a deferral of income by employees for periods extending to the termination of covered employment or beyond, regardless of the method of calculating the contributions made to the plan, the method of calculating the benefits under the plan.

ERISA further provides that the United States Secretary of Labor may promulgate such regulations as is necessary or appropriate to carry out the provisions of ERISA. The Court concludes that the debtor's pension plan is an employee benefit plan as defined under ERISA.

*Fla.Stat.* § 222.21(2)(a). Debtor claims that his pension plan, qualified under I.R.C. § 401(a), falls within the protection of Florida exemption statute, *Fla.Stat.* § 222.21(2)(a). Many cases, including a recent one from this Court (*In re Schlein*, 114 B.R. 780 (Bankr.M.D.Fla.1990)), establish that state exemptions offer debtors no such protection due to preemption by ERISA.

B. Florida Statute § 222.21 relates to an ERISA Employee Benefit Plan

■ Section 222.21(2)(a) provides in relevant part:

... any money or other assets payable to a participant or beneficiary from, or any interest of any participant or beneficiary in, a retirement or profit sharing plan that is qualified under Section ... 401(a) ... of the Internal Revenue Code of

1986, as amended, is exempt from all claims of creditors of the beneficiary or participant.

Section 222.21(2)(a), Florida Statutes creates an exemption for a pension plan qualified under I.R.C. § 401. The paramount qualification issue raised in the Internal Revenue Code provision is ERISA qualification. A state statute need not specifically identify a plan for it to relate to ERISA. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983).

This Court concludes that § 222.21(2)(a) directly relates to a pension plan covered by ERISA. *Shaw, supra.; See also, Mackey v. Lanier Collection Agency and Service, Inc.*, 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988); *In re Bryant*, 106 B.R. 727 (Bankr.M.D.Fla.1989); *In re Polombo*, 106 B.R. 724 (Bankr.M.D.Fla.1989).

### C. ERISA preempts Florida Statute § 222.21 as it Relates to an Pension Plan Covered by ERISA

ERISA, 29 U.S.C. § 1144(a) provides in relevant part:

Except as provided in subsection (b) of this section, the provisions of this subchapter and sub-chapter 3 of this chapter shall supersede any and all state laws insofar as they may now or hereafter relate to any employment benefit plan described in § 1003(a) of this title and not exempt § 1003(b) of this title.

The United States Supreme Court has considered the question of § 1144(a) preempting state laws relating to ERISA. *Mackey, supra. Mackey* dealt with a Georgia statute which exempted an employee welfare benefit plan from garnishment. Although the state statute was promoting Congressional intent in furthering the purposes of ERISA, the court concluded that good legislative intentions could not save it from the broad preemptive scope of this section and, the Georgia law could not pass muster. *Id.* at 830, 108 S.Ct. at 2185–86.

The court noted that even though the Georgia statute did not specifically identify the plan as ERISA, it made reference to an ERISA plan and, therefore, under *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983), even laws which made reference to the ERISA plan or that relate to ERISA plans within the meaning of § 1144(a), are preempted. *Id.*, 486 U.S. at 829, 108 S.Ct. at 2185.

*Mackey* was not a bankruptcy case, but, numerous bankruptcy courts, including our sister court in the Middle District of Florida (*Bryant supra*), have followed this analysis and concluded that state statutes, such as the one at issue are preempted. *See also, Polombo, supra; In re Dyke*, 99 B.R. 343 (Bankr.S.D.Tex.1989); *In re Brown*, 95 B.R. 216 (Bankr.N.D.Okla.1989); *In re Flindall*, 105 B.R. 32 (Bankr.D.Ariz. 1989); *In re McLeod*, 102 B.R. 60 (Bankr.S. D.Miss.1989).

This Court recently agreed in *In re Schlein*, 114 B.R. 780 (Bankr.M.D.Fla. 1990). In *Schlein*, the debtor claimed exemption for his interest in a simplified employee pension qualified under I.R.C. § 408(k). This fund was an employee benefit plan as defined by ERISA. This Court held that despite its salutary purposes, § 222.21(2)(a) was preempted by ERISA and denied the debtor's claim of exemption. *Id.* at 782–84.

This Court concludes that § 222.21(2)(a) is preempted by ERISA § 1144(a).

### II. *The Debtor's pension plan is not a spendthrift trust*

The debtor asserts that the plan is not property of the estate pursuant to 11 U.S.C. § 541(c)(2) which provides that "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." 11 U.S.C. § 541(c)(2). Debtor's pension plan is structured as a trust and contains a facial restriction on the transfer of his beneficial interest. However, controlling precedent concludes that the debtor's pension plan cannot be excluded from his bankruptcy estate under 11 U.S.C. § 541(c)(2).

The Eleventh Circuit squarely addressed this issue in *In re Lichstrahl*, 750 F.2d 1488 (11th Cir.1985). In *Lichstrahl*, the

debtor was an employee of a professional association of which he was the sole director, officer, and stockholder. The professional association created pension plans pursuant to ERISA. These plans were structured as trusts under which the professional association was the settlor, debtor was the trustee, and professional association employees were the beneficiaries. *Id.* at 1489. While the trusts contained prohibitions against assignment or alienation of the beneficiaries' interests, the settlor retained the power to amend or terminate the trust. *Id.* The debtor filed a Chapter 7 bankruptcy petition and claimed that the trusts were excluded from the estate under 11 U.S.C. § 541(c)(2). The bankruptcy court held that the trusts were property of the estate, the district court affirmed, and the debtor appealed. *Id.*

The Eleventh Circuit affirmed the lower courts' judgment. *Id.* at 1492. The court recognized that 11 U.S.C. § 541(c)(2) "preserv[ed] restrictions on the transfer of the beneficial interest of the debtor in a trust which is enforceable under applicable non bankruptcy law...." *Id.* at 1489–90. The court, following the decisions of numerous other courts, held that "applicable non-bankruptcy law" referred only to state law regarding spendthrift trusts. *Id.* at 1490.

The *Lichstrahl* court had to determine whether the debtor's pension plans qualified as spendthrift trusts under Florida law and found that the purpose of a spendthrift trust was to protect the beneficiaries not only from their creditors, but from their own folly as well. Such a trust would fail, therefore, if the beneficiaries had "absolute dominion" over the trust property. *Id.* at 1490 (citing *Croom v. Ocala Plumbing & Elec. Co.*, 62 Fla. 460, 57 So. 243 (1911)). The Court found that the debtor retained absolute dominion over the trust, because as sole officer and director of the settlor professional association, he could amend or terminate the trust at will. Accordingly, the pension plans were not spendthrift trusts, did not fall within 11 U.S.C. § 541(c)(2), and were ultimately subject to the claims of creditors. *Id.*

*Lichstrahl* properly controls the disposition of this issue in this case. Debtor's pension plan fails as a spendthrift trust under Florida law. Debtor settled this trust for his own benefit, retains the power to alter or amend the trust at his pleasure, and can remove the trustee at will. Clearly, debtor retains "absolute dominion" over the trust as contemplated by the *Lichstrahl* court. The debtor cannot segregate funds into an essentially revocable trust and then claim that the funds are beyond the reach of his creditors. *See, In re Witlin*, 640 F.2d 661, 663 (5th Cir.1981) (citing *Waterbury v. Munn*, 159 Fla. 754, 32 So.2d 603 (Fla.1947)).

Debtor's pension plan is property of the bankruptcy estate. 11 U.S.C. § 541(a)(1); *Lichstrahl* at 1490; *Witlin* at 663.

## CONCLUSION

The pension plan is not exempt pursuant to section 222.21(2)(a), Florida Statutes, since this state statute is preempted by ERISA, 29 U.S.C. § 1144(a).

The pension plan is not a spendthrift trust under the laws of Florida and is property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a)(1).

A separate order sustaining the objection of FDIC will be entered.