**In re Harold PRUNER.**

**No. 91–266–Civ–J–16.**

United States District Court,
M.D. Florida,
Jacksonville Division.

March 18, 1992.

James A. Fischette, Fischette, Parrish, Owen & Held, Fred H. Steffey, Jacksonville, Fla., for appellant.

Robert Lee Young, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Orlando, Fla., for appellee.

Gregory K. Crews, Jacksonville, Fla., for trustee.

## ORDER ON APPEAL

JOHN H. MOORE, II, District Judge.

This cause is before the Court on appeal from the United States Bankruptcy Court for the Middle District of Florida. In the proceedings below, Bankruptcy Judge George L. Proctor sustained the objection of the Federal Deposit Insurance Corporation ("FDIC"). *See In re Pruner*, 122 B.R. 459 (Bkrtcy.M.D.Fla.1990). The Debtor, HAROLD PRUNER, appeals.

### *I. Background*

From January 1, 1984 to the present date, the Debtor has engaged in the oil and gas consulting business as a self-employed individual. During this time period, Debtor did not employ any other individuals. On December 27, 1984, Debtor adopted a self-employed defined benefit pension plan ("Plan"), effective as of January 1, 1984. Debtor's Plan was one qualified pursuant to Section 401 of the Internal Revenue Code, and was approved by the Internal Revenue Service by letter dated April 1, 1986. The Plan was established in the form of a trust of which Debtor was the employer, settler, trustee, administrator and sole beneficiary. Three separate amendments to the Plan were adopted between 1986 and 1988. From the time of its

inception to the present date, the Debtor has been the only participant in the Plan.

An involuntary petition in bankruptcy was filed against the Debtor on September 13, 1989; an order for relief was entered on October 17, 1989. In the proceedings below, FDIC objected to the claim of exemption by the Debtor in the following contributions of the Plan:

(1) August 15, 1985—$89,246 for the year 1984.

(2) September 13, 1986—$89,246 for the year 1985.

(3) September 15, 1987—$89,246 for the year 1986.[1]

The Bankruptcy Court did not hear oral argument or conduct an evidentiary hearing. Instead, the parties filed a stipulation detailing the facts surrounding this action, and presented arguments in writing based on those stipulated facts. On December 3, 1990, Judge Proctor issued a memorandum opinion and order sustaining the objections of the FDIC. In so doing, Judge Proctor found that the Debtor's contentions that his Plan was exempt under Florida Statute Section 222.21 or as a spendthrift trust were without merit.

On appeal, Debtor presents three grounds for reversal of the decision below. First, Debtor contends that because he is self-employed and has no other employees, that his plan is not subject to Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. Second, Debtor contends that even if his plan is subject to Title I of ERISA, it is nevertheless exempt under Florida Statute Section 222.21(2). Finally, Debtor alternatively argues that his interest in the Plan is exempt as an annuity under Florida Statute Section 222.14.

## II. Discussion

■ Appellant is entitled to a *de novo* review of all conclusions of law and the legal significance accorded to the facts. *In re Smith*, 129 B.R. 262, 263 (M.D.Fla.1991). The factual findings of the Bankruptcy Court are reviewed under a clearly erroneous standard. *In re Club Associates*, 951 F.2d 1223 (11th Cir.1992).

ERISA applies only if there is an employee benefit plan that would be subject to ERISA. 29 U.S.C. § 1003(a); 29 U.S.C. § 1144(a); *Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.*, 805 F.2d 732, 738 (7th Cir.1986). Thus, the threshold issue is whether the Debtor's Plan is one which is subject to the regulations and provisions of ERISA. The Bankruptcy Court reviewed the statutory definition under ERISA of an employee pension benefit plan, 29 U.S.C. § 1002(2)(A)[2], and summarily concluded, without explanation, that the Debtor's Pension Plan fit within that definition. *In re Pruner*, 122 B.R. at 460.

This Court finds that based on the statutory language of Title I of ERISA, together with the regulations promulgated thereto, the Debtor's Plan is not subject to the regulations and provisions of ERISA. As such, the decision of the Bankruptcy Court below must be reversed.

ERISA recognizes two types of plans: "Employee Welfare Benefit Plans"[3] and "Employee Pension Benefit Plans." Title I of ERISA contains a lengthy list of definitions developed specifically for use within the subchapter. *See* 29 U.S.C. § 1002.

---

1. This figure is based on the Bankruptcy Court's findings. *See In re Pruner*, 122 B.R. 459. However, the facts stipulated to by the parties indicate that the debtor made contributions for the year 1986 in the amount of $79,660.

2. 29 U.S.C. § 1002(2)(A) provides: Except as provided in subparagraph (B), the terms "Employee Pension Benefit Plan" and "Pension Plan" mean any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that by its

express terms or as a result of surrounding circumstances, such plan, fund, or program—

(i) provides retirement income to employees, or

(ii) results in a deferral of income by employees for periods extending to the termination of covered employment or beyond,

regardless of the method of calculating the contributions made to the plan, the method of calculating the benefits under the plan or the method of distributing benefits from the plan.

3. 29 U.S.C. § 1002(1).

The more pertinent definitions to this appeal include the following:

(5) The term "employer" means any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such capacity.

(6) The term "employee" means any individual employed by an employer.

(7) The term "participant" means any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees or such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.

29 U.S.C. §§ 1002(5), (6), (7).

As noted above, the parties stipulated to certain facts in the proceedings below. Two pertinent stipulations were that the Debtor was the only participant in the Plan, and that the Debtor has not employed any other individuals since the inception of the Plan. Nevertheless, the FDIC contends that the Debtor's Plan is subject to ERISA because the terms and definitions within the Plan contemplate coverage extending to future employees. In other words, the FDIC asks this Court to ignore the reality that the Debtor is the only participant in a plan where he is also the employer, trustee, administrator and sole beneficiary, and instead to make a ruling based on the terms of a plan which envision potential, future participants.

In *Donovan v. Dillingham*, 688 F.2d 1367 (11th Cir.1982) (en banc), the Eleventh Circuit held, "In determining whether a plan, fund or program ... is a reality, a Court must determine whether from the surrounding circumstances a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits." *Id.* at 1373. Although *Donovan* was concerned with an "employee welfare benefit plan" a portion of its holding is applicable and significant to the present case:

> The gist of ERISA's definitions of employer, employee organization, participant, and beneficiary is that a plan, fund, or program falls within the ambit of ERISA *only if the plan, fund, or program covers ERISA participants because of their employee status in an employment relationship*, and an employer or employee organization is the person that establishes or maintains the plan, fund, or program. *Thus, plans, funds, or programs under which no union members, employees or former employees participate are not employee welfare benefit plans under Title I of ERISA. See* 29 C.F.R. 2510.3–3(b), (c).

*Donovan*, 688 F.2d at 1371 (footnotes omitted) (emphasis added).

Consistent with *Donovan*, this Court cannot view the terms of the Debtor's Plan, as applied to the definitions of ERISA, within a vacuum. Such an approach would ignore the plain reality in this case that the Debtor is the only person remotely connected to the Plan. If the Debtor hired even a single employee, then his Plan would convert to one subject to ERISA. *See Williams v. Wright*, 927 F.2d 1540, 1545 (11th Cir.1991); 29 C.F.R. § 2510.3–3(b). However, the parties stipulated below that the Debtor is, and always has been, the only participant in the Plan. Under these facts and circumstances, the Debtor's Plan cannot be subject to the provisions and regulations of ERISA. *Accord Kwatcher v. Massachusetts Service Emp. Pension Fund*, 879 F.2d 957, 960 (1st Cir.1989) (once person is found to be "employer," ERISA prohibits payments from a qualified plan pursuant to statute's "anti-inurement" provision, 29 U.S.C. § 1103(c)(1)); *Giardono v. Jones*, 867 F.2d 409 (7th Cir.1989) (employer cannot ordinarily be employee or participant under ERISA pursuant to fundamental requirement preventing inurement mandated in 29 U.S.C. § 1103(c)(1)); *Schwartz v. Gordon*, 761 F.2d 864, 867–69 (2d Cir.1985) (plan whose sole beneficiaries are the company's owners cannot qualify as a plan under ERISA); *Peckham v. Board of Trustees, Etc.*, 653 F.2d 424 (10th

Cir.1981) (sole proprietors are not eligible for inclusion in employee pension benefit plans pursuant to 29 U.S.C. § 1103(c)(1).

Any doubt regarding the status of the Debtor's Plan dissipates when one looks to the regulations adopted by the Secretary of Labor ("Secretary") pursuant to the granted authority to prescribe regulations "necessary or appropriate to carry out the provisions" of Title I. 29 U.S.C. § 1135; *see also* 40 Fed.Reg. 34526 (Aug. 15, 1975). These regulations clarify several statutory definitions, and provide in pertinent part:

(b) *Plans without employees.* For purposes of title I of the Act and this chapter, the term "employee benefit plan" shall not include any plan, fund or program, other than an apprenticeship or other training program, under which no employees are participants covered under the plan, as defined in paragraph (d) of this section. For example, a so-called "Keogh" or "H.R. 10" plan under which only partners or only a sole proprietor are participants covered under the plan will not be covered under title I. However, a Keogh plan under which one or more common law employees, in addition to the self-employed individuals, are participants covered under the plan, will be covered under title I.

(c) *Employees.* For purposes of this section:

(1) An individual and his or her spouse shall not be deemed to be employees with respect to a trade or business, whether incorporated or unincorporated, which is wholly owned by the individual or by the individual and his or her spouse.

29 C.F.R. §§ 2510.3-3(b), (c)(1).

 Absent evidence that a regulation issued by an agency pursuant to Congressional authority bears no reasonable relationship to the provisions of the statute being administered by the agency, its interpretation of the statute is entitled to considerable deference. *Sure-Tan, Inc. v. N.L.R.B.,* 467 U.S. 883, 891, 104 S.Ct. 2803, 2808, 81 L.Ed.2d 732 (1984). Because the Secretary is vested with policy-making power, the Secretary is authorized to fill in gaps that may have been left by Congress in a statute, and this Court may not substitute its interpretation for that of the Secretary, *Chevron U.S.A., Inc. v. Natural Resources Def. Council, Inc.,* 467 U.S. 837, 842, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984), so long as that interpretation is "reasonably defensible." *Sure-Tan, Inc,* 467 U.S. at 891, 104 S.Ct. at 2808.

## III. Conclusion

The parties stipulated below to three critical facts: first, that the Debtor was the employer, settlor, trustee, administrator and sole beneficiary of the Plan; second, that since the inception of the Plan, the Debtor has not employed any other individuals; and third, that since the inception of the Plan, the Debtor has been the only participant in the Plan. Under these facts and circumstances, and consistent with the law of this Circuit, this Court concludes that the Debtor's Plan does not fit within the definition of an "employee pension benefit plan" as defined in 29 U.S.C. § 1002(2)(A). Consequently, the Debtor's Plan is not subject to the provisions and regulations of ERISA.

Accordingly, it is

ORDERED:

That the decision below of the Bankruptcy Court, rendered on December 3, 1990, be and the same is hereby REVERSED, and this Cause is hereby REMANDED to the Bankruptcy Court for proceedings not inconsistent with this opinion.

DONE AND ORDERED.